**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ADIL HADI AWADH,
4741 Thornbury Drive
Fairfax, VA 22030,

and

MOHAMMED JASSIM TUMA,
7621 Bayberry Place
Lincoln, NE 68516,

Plaintiffs,

v.

MICHAEL CHERTOFF,
Secretary, U.S. Department of Homeland Security, in his official capacity, as well as his successors and assigns,
U.S. Department of Homeland Security
Washington, DC 20528,

and

JULIE L. MYERS,
Acting Assistant Secretary, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, in her official capacity, as well as her successors and assigns,
U.S. Department of Homeland Security
Washington, DC 20528,

Defendants.

Case No.:

## COMPLAINT

## I. INTRODUCTION

1. This is a civil action brought to compel Defendants and those acting under their direction to adjudicate Plaintiffs Adil Hadi Awadh's ("Awadh") and Mohammed Jassim Tuma's ("Tuma") (collectively, the "Plaintiffs") respective requests for review of their

custody status and waived rights, pursuant to the terms of a settlement agreement that Plaintiffs entered into with the legacy Immigration and Naturalization Service ("INS") on June 9, 1999 (the "Settlement Agreement"). Defendants Michael Chertoff and Julie L. Myers (collectively, the "Defendants") have improperly and unreasonably delayed processing the Plaintiffs' respective requests, which were initially made more than four years ago. Therefore, Plaintiffs seek to compel Defendants, via sections 555 and 706 of the Administrative Procedure Act ("APA"), to complete the review to which Plaintiffs are entitled.

## II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 5 U.S.C. §§ 555, 706, APA, in combination with 28 U.S.C. § 1331, federal question jurisdiction.

3. This action is filed in response to unreasonable agency delay and failure to act on Plaintiffs' respective requests for review of their custody status and waived rights, which Plaintiffs are entitled to pursuant to the Settlement Agreement.

4. There are no administrative remedies available to Plaintiffs to redress the grievances described herein.

5. This action challenges only the Defendants' timeliness in adjudicating Plaintiffs' respective requests for review, not the granting or denial of those requests. Therefore, the jurisdictional limitations of 8 U.S.C. § 1252(a)(2)(B) do not apply.

## III. VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because Defendants Chertoff and Myers reside in the District of Columbia. In addition, a substantial part of the events or omission giving rise to the claims occurred within this judicial district.

## IV. PARTIES

7. Plaintiff Adil Hadi Awadh is an adult individual who is a national of Iraq and resides lawfully in the United States. He resides at 4741 Thornbury Drive, Fairfax, Virginia 22030.

8. Plaintiff Mohammed Jassim Tuma is an adult individual who is a national of Iraq and resides lawfully in the United States. He resides at 7621 Bayberry Place, Lincoln, Nebraska 68516.

9. Defendant Michael Chertoff is the Secretary of the United States Department of Homeland Security ("DHS"), and is sued only in his official capacity. He is charged with the enforcement of the Immigration and Nationality Act ("INA"), and is authorized to delegate such powers and authority to subordinate DHS employees. 8 U.S.C. § 1103; 8 C.F.R. § 2.1. He has the ultimate decisionmaking authority over Plaintiffs' request for review of their custody status and waived rights. DHS headquarters are located in Washington, DC 20528.

10. Defendant Julie L. Myers, sued only in her official capacity, is the acting Assistant Secretary for U.S. Immigration and Customs Enforcement ("ICE"), an agency within DHS and under the direct supervision of the Secretary of DHS. Myers is charged with, among other tasks, implementing and enforcing the INA. As such, she has decisionmaking authority over Plaintiffs' requests for review of custody status and waived rights. ICE headquarters are located at 425 I Street NW, Washington, DC 20536.

## V. STATEMENT OF FACTS

11. The Plaintiffs are Iraqi nationals who were evacuated by the United States government from Iraq to the United States during 1996.

12. On or about June 9, 1999, Plaintiffs and the INS entered into the Settlement Agreement.

13. As part of the Settlement Agreement, Plaintiffs agreed to the entry of an exclusion order by the Immigration Court in San Pedro, California, declaring them inadmissible.

14. However, pursuant to the Settlement Agreement, Plaintiffs are permitted to reside in the United States under certain conditions and with certain rights waived.

15. The Settlement Agreement provides that Plaintiffs are entitled to a review of their custody status on a semi-annual basis upon written request.

16. The Settlement Agreement also provides that Plaintiffs are entitled to a review of rights waived through the Settlement Agreement for possible restoration of those rights.

17. On March 1, 2003, INS ceased to exist, and DHS became the lead federal government agency concerning the implementation of the immigration laws.

18. Plaintiff Awadh, through his former counsel, submitted a letter request for review of custody status and waived rights to DHS on November 7, 2003. No response was ever made to this request. Through his present counsel, Plaintiff Awadh submitted an additional letter request for review of custody status and waived rights to DHS on December 2, 2005, following up on the request made two years earlier.

19. Plaintiff Tuma, through his former counsel, submitted a letter request for review of custody status and waived rights to DHS on May 23, 2003. Plaintiff Tuma's former counsel submitted a supplemental request to DHS on September 10, 2003. No response was ever made to either of these requests. Through his present counsel, Plaintiff Tuma submitted an additional letter request for review of custody status and waived rights to DHS on December 2, 2005, following up on the requests made two years earlier.

20. Defendants have improperly and unreasonably delayed processing Plaintiffs' respective requests for review. Thus, Plaintiffs seek to compel Defendants to adjudicate their requests for review, via 5 U.S.C. §§ 555, 706, APA.

21. Approximately once every month or every two months since Plaintiffs submitted their review request letter through their current counsel, Plaintiffs' counsel have contacted DHS via mail, courier, telephone, facsimile, or email to inquire about the status of adjudication of the outstanding review requests.

22. At no point has DHS informed Plaintiffs or Plaintiffs' counsel that it has reached a decision, or will be reaching a decision by a date certain, on their review requests.

23. At no point has DHS informed Plaintiffs or Plaintiffs' counsel why it never reached a decision on the 2003 request letters submitted by Plaintiffs' former counsel.

24. There is no indication that Defendants are, or were, actively engaged in adjudicating Plaintiff's requests for review since they were initially submitted in 2003.

25. As of January 15, 2008, Plaintiff's initial requests for review have been pending for more than four years.

26. The delay in adjudicating Plaintiffs' review requests has been detrimental to Plaintiffs' professional and personal lives in a variety of ways. For example, Plaintiffs have been unable to pursue countless employment opportunities because of their lack of permanent residency status, which has been prolonged due to DHS' review delays. Plaintiff Awadh was unable to pursue positions with prominent media networks, federal government agencies, and private companies in Iraq because of the uncertainty in his immigration status and the travel restrictions imposed on him, despite being qualified for those positions. Plaintiff Tuma was unable to pursue an overseas translator position with a U.S.-based

company due to the restrictions imposed on his travel, and he was unable to pursue a state government position due to the uncertainty in his immigration status. In addition, the Settlement Agreement's provision permitting the U.S. government to deport Plaintiffs at any time under certain conditions remains in effect, and Defendants' delay in processing Plaintiffs' review requests has prolonged the uncertainty with which Plaintiffs live their everyday lives, making it impossible for Plaintiffs to maintain an orderly existence for themselves and their families. For example, Plaintiff Tuma has been unable to purchase life insurance or purchase a home due to the uncertainty in his immigration status. The Settlement Agreement's restrictions on travel, which continue to be in effect due to DHS' review delays, have proved exceedingly detrimental in other ways, as well. For example, in October 2007, DHS denied Plaintiff Awadh's request to travel to London, England, for an awards ceremony sponsored by the Association for International Broadcasting ("AIB") and for which Plaintiff Awadh and his employer were nominated in several award categories.

## VI. CLAIM FOR RELIEF

### <u>COUNT I – UNREASONABLE AGENCY DELAY (5 U.S.C. §§ 555, 706)</u>

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26.

28. Defendants have a non-discretionary duty under Section 555 of the APA to adjudicate Plaintiffs' requests for review within a "reasonable time."

29. Defendants have failed to adjudicate Plaintiffs' requests for review, initially filed more than four years ago, within a reasonable period of time.

30. Section 706 of the APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed."

31. Plaintiffs' review requests have been pending for over four years, which exceeds any rule of reason.

32. The failure of Defendants to process Plaintiffs' review requests affects their welfare and denies them access to benefits and rights that would be received should Defendants, upon adjudicating the review requests, decide to loosen restrictions that the Settlement Agreement imposes. Defendants' prolonged delays have served only to further prejudice Plaintiff's interests in those benefits and rights.

33. There is no indication that expediting Plaintiffs' review requests would, in any way, affect activities with a higher or competing priority.

34. Defendants owe Plaintiffs the duty to act upon their requests for review and have unreasonably failed to perform that duty.

35. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendants' delay and failure to meet their obligations under the Settlement Agreement.

36. Therefore, Defendants should be compelled to complete the adjudication of Plaintiffs' requests for review.

WHEREFORE, Plaintiffs pray that the Court:

(1) Compel Defendants and those acting under them to perform the duties owed to Plaintiffs to adjudicate Plaintiffs' respective requests for review;

(2) Grant such other and further relief as this Court deems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,

[signature]

Lynda S. Zengerle, Esquire (D.C. Bar No. 163360)
Philip L. Bednar, Esquire (D.C. Bar No. 493477)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
Email: lzengerle@steptoe.com
pbednar@steptoe.com

Attorneys for Plaintiffs Adil Hadi Awadh and
Mohammed Jassim Tuma

Dated: January 15, 2008

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| AWADH, Adil Hadi<br>TUMA, Mohammed Jassim | CHERTOFF, Michael, U.S. Department of Homeland Security<br>MYERS, Julie L., acting Assistant Secretary, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Lynda S. Zengerle, Esquire<br>Philip L. Bednar, Esquire<br>STEPTOE & JOHNSON, LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>Phone: (202) 429-3000 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ○ A. *Antitrust*

- ☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ⊙ C. *Administrative Agency Review*

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| | | | |
|---|---|---|---|
| ○ **G. *Habeas Corpus/ 2255*** <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ○ **H. *Employment Discrimination*** <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ○ **I. *FOIA/PRIVACY ACT*** <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br> *(If pro se, select this deck)* | ○ **J. *Student Loan*** <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K. *Labor/ERISA (non-employment)*** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ **L. *Other Civil Rights (non-employment)*** <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ○ **M. *Contract*** <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ **N. *Three-Judge Court*** <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. Sections 555, 706 (Administrative Procedure Act)--unreasonable agency delay in performing requested review

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ______ Check YES only if demanded in compl:
**JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** 1/15/08 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.