**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADIL HADI AWADH, et al., Plaintiffs, | ) |
| v. | ) Case Number: 1:08CV0078(RMC) |
| MICHAEL CHERTOFF, Secretary, United States Department of Homeland Security, et al., Defendants. | ) |

**MOTION TO DISMISS**

Defendants, by and through their undersigned attorneys, respectfully move to dismiss this case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). United States Immigration and Customs Enforcement has issued a decision on Plaintiffs' requests for modifications of the conditions imposed by the settlement agreement referenced in the Complaint. That decision renders this case moot, and deprives the Court of subject matter jurisdiction. Further, given the nature of Plaintiffs' claims, the Court would lack jurisdiction even if the case were not moot. In the alternative, Defendants move that the case be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. A memorandum in support and proposed order are attached.

Dated: May 14, 2008

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Javad Khazaeli
Associate Legal Advisor
U.S. Immigration and Customs Enforcement

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ADIL HADI AWADH, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case Number: 1:08CV0078 (RMC) |
| MICHAEL CHERTOFF, Secretary, United States Department of Homeland Security, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

**SUMMARY OF ARGUMENT**

The Court lacks jurisdiction to issue an order compelling Defendants to complete their review of Plaintiffs' requests for relief from the terms of a settlement agreement which resolved exclusion proceedings before an immigration court in San Pedro, California. Plaintiffs' claims suffer two jurisdictional deficiencies which independently preclude judicial review. First, a May 7, 2008 ruling by Immigration and Customs Enforcement ("ICE") completed Defendants' review of the requests, thereby rendering this case moot. Second, given the contractual nature of this dispute, the Tucker Act is the only waiver of sovereign immunity which arguably could apply to this case. However, the Tucker Act does not waive immunity for claims that seek purely injunctive or equitable relief, and therefore does not confer jurisdiction to review Plaintiffs' claims. Under D.C. Circuit precedent, Plaintiffs cannot evade the limits of Tucker Act jurisdiction by citing the Administrative Procedure Act.

Further, even if the Court had jurisdiction the complaint would fail to state a claim. The plain language of the settlement agreement waives judicial and administrative review of

Defendants' consideration of, or decision upon, Plaintiffs' requests for review. That waiver bars Plaintiffs' challenge.

## BACKGROUND

Plaintiffs Adil Hadi Awadh and Mohammed Jassin Tuma are Iraqi nationals who entered the United States in 1996. See Compl. ¶ 11. The Immigration and Naturalization Service ("INS") commenced proceedings to exclude Plaintiffs from the United States on the grounds that they were inadmissible pursuant to Section 212(a) of the Immigration and Nationality Act. See Exh. 1, Settlement Agreement, at 1. Plaintiffs sought asylum and withholding of deportation, and the INS opposed Plaintiffs' requests on national security grounds. See id. Plaintiffs and INS entered into a settlement agreement and joint stipulation of exclusion, which permitted Plaintiffs to remain in the United States under certain conditions. See id.; Order of Exclusion, In Re: Awadh (Settlement Agreement at Attachment A); Order of Exclusion, In Re: Tuma (Settlement Agreement at Attachment A).

The conditions on Plaintiffs' custody status were set forth in Attachment D of the Settlement Agreement. See Settlement Agreement at Attachment D. Those conditions include a requirement that Plaintiffs remain in Lancaster County, Nebraska at all times, contact the Chicago Command Center of the INS each day, and receive written approval before engaging in any particular employment. See id. The Settlement Agreement further provides that, upon the Applicants' written request, INS will "reevaluate the status and conditions of the Applicants' custody status on a semi-annual basis." See id. at Attachment D, ¶ H.

The Settlement Agreement also conditions Plaintiffs' release upon their waiver of various rights, and contains detailed waiver provisions which suspend Plaintiffs' rights to challenge the

Settlement Agreement or the conditions imposed by that agreement. The Settlement Agreement waives "any right to administrative or judicial review of any custody status or conditions of [Plaintiffs'] custody as provided in Attachment D." Settlement Agreement, § VI. Further, Plaintiffs agreed to waive "any right to any claim for relief from these Orders of Exclusion for which they might be eligible. . . [and] any right they may have to challenge any provision of this Agreement in any U.S. or foreign court or tribunal." Id. § VIII-A. Plaintiffs also waived their right to seek permanent resident status or asylum. See id. The Attorney General retained discretion, upon written request, to restore any or all of the rights waived in the agreement. See id. However, the Settlement Agreement expressly waives "any review, administrative or judicial, of the Attorney General's consideration of or decision relating to any request to restore rights waived by this Agreement." Id.

In 2000, Plaintiffs sought modifications of the conditions of their custody. See Exh. 2, Letter to R. James Woolsey, Jan. 23, 2001. INS completed its review of those requests on January 23, 2001. See id. In light of that request, Awadh was: (1) released from the requirement that he live in Nebraska; (2) released from the requirement that DHS approve any employment; (3) permitted to live outside of Nebraska; (4) allowed to call DHS weekly instead of daily; and (5) allowed to have his monthly in-person check ins at the closest INS office to his new residence instead of in Nebraska. In exchange for these modifications of his custody conditions, INS required Awadh to provide a change of address within five days of any move. INS declined to modify the conditions of Tuma's custody. See id.

Plaintiffs submitted additional requests for review of their custody status and waived rights to the Department of Homeland Security ("DHS") in 2003 and 2005.[1] See Compl. ¶¶ 18-19. On January 15, 2008, Plaintiffs filed a complaint in this Court. The complaint alleges that the Settlement Agreement permitted Plaintiffs to obtain semi-annual review of the conditions of their status, and that Defendants have unreasonably delayed responding to Plaintiffs' pending requests for review.

ICE issued a final response to Plaintiffs' requests on May 7, 2008. See Exh. 3. That response relaxed the prior conditions on Plaintiffs' presence in the United States. Plaintiffs no longer have to call DHS on a weekly (Awadh) or daily (Tuma) basis; instead, both Plaintffs may call monthly. See id. Instead of appearing in person monthly, Plaintiffs may appear every six months. See id. Tuma no longer has to obtain DHS approval of his employment. In exchange for these modifications, Plaintiffs must give notice if they will travel outside of their states of residence and must notify DHS of any employment changes. They are also required to refrain from associating with criminals and committing crimes. On May 14, 2008, in response to concerns raised during a teleconference with Plaintiffs' attorneys, ICE sent Plaintiffs revised orders of supervision, and a letter clarifying the effect of the new orders. See Exh. 4.

## STANDARD OF REVIEW

Defendants move for dismissal under Rule 12(b)(1). See Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v.

[1] The requests were submitted to DHS because INS ceased to exist on March 1, 2003, and DHS assumed responsibility for many of the functions previously performed by INS. See Compl. ¶ 17.

Capitol Police Bd., 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003). In addition, plaintiff bears the burden of persuasion, and must establish subject-matter jurisdiction "by a preponderance of the evidence." Thompson, 120 F. Supp. 2d at 81; Vanover, 77 F. Supp. 2d at 98. To determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann, 54 F. Supp. at 64.

Defendants also move for dismissal under Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires dismissal if a plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating prior standard which required the moving party to show that plaintiff can prove no set of facts in support of its claim which would entitle it to relief). The Court must resolve all factual doubts in favor of the plaintiff, and allow the plaintiff the benefit of all inferences. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

## ARGUMENT

### I. THE MAY 7, 2008 RESPONSE TO PLAINTIFFS' PETITIONS RENDERED THIS CASE MOOT.

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." Allen v. Wright, 468 U.S. 737, 750 (1984); see

National Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974). In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The effect of post-complaint changes in the facts or law on the continued existence of a particular controversy is assessed through the lens of mootness. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)). Thus, the controversy must exist at the outset of the litigation and continue throughout the existence of the suit. See Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (citing Arizonans for Official English, 520 U.S. 43). As the D.C. Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Once a case becomes moot, the court loses jurisdiction. See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

In cases which seek to compel an agency to complete its review of a pending application, the mootness doctrine comes into play once the review is complete. See Bouguettaya v. Chertoff,

472 F. Supp. 2d 1, 2 (D.D.C. 2007) (finding alien's request for writ of mandamus to compel CIS to process application was moot because application was denied following filing of the action). To the extent that a complaint alleges unreasonable delay or seeks mandamus, the agency's completion of its review process effectively grants the relief the complaint seeks, thereby rendering the complaint moot. See Thompson v. United States Dep't of Labor, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision). Such cases must be dismissed, because there is no further judicial function for the Court to perform. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

In this case, the Court lacks subject matter jurisdiction because ICE's adjudication of Plaintiffs' pending requests for review of the conditions imposed by the settlement agreement ended any live controversy between the parties. Plaintiffs' complaint was "brought to compel Defendants and those acting under their direction to adjudicate [Plaintiffs'] . . . respective requests for review of their custody status and waived rights, pursuant to the terms of a settlement agreement that Plaintiffs entered into with the legacy Immigration and Naturalization Service ("INS")." Compl. ¶ 1. On May 7, 2008, without any intervention from the Court, ICE notified Plaintiffs that it had completed its adjudication of those requests. See Exh. 3. Specifically, ICE relaxed the conditions placed upon Plaintiffs' presence in the United States, and issued new Orders of Supervision which supersede Attachment D to the original settlement agreement. See

id. ICE did not alter any other aspect of the settlement agreement, and the waiver conditions remain in effect. See id. On May 14, 2008, ICE sent revised orders of supervision to respond to issues discussed with Plaintiffs' attorney. See Exh. 4. In sum, the May 7, and May 8, 2008 notifications partially granted Plaintiffs' requests for a modification of their custody conditions, but implicitly rejected Plaintiffs' requests for a restoration of waived rights. See id.

Defendants do not concede that Plaintiffs had a viable claim under the Administrative Procedure Act ("APA") or the Mandamus Act at the time the complaint was filed. To the contrary, as discussed infra, neither the APA nor the Tucker Act provide subject matter jurisdiction. See Shaffer v. Veneman, 325 F.3d 370, 372 (D.C. Cir. 2003); Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004). However, this Court need not reach those issues because even if Plaintiffs did have a viable claim at the time the complaint was filed, they have now received the relief sought — namely, a decision from ICE. Therefore, this Court lacks jurisdiction and should dismiss the case as moot. See Bouguettaya, 472 F. Supp.2d at 2 (dismissing case as moot where immigration application at issue had been denied).

Plaintiffs' request for attorney's fees and costs does not prevent application of the mootness doctrine in this case. To be sure, ICE's partial grant of Plaintiffs' requests did not satisfy Plaintiffs' desire for fees and costs. However, a party's request for attorney's fees is "collateral to, and separate from" the merits. Shultz v. Crowley, 802 F.2d 498, 502 (D.C. Cir. 1986). Accordingly, a fee request does not preserve a case that is otherwise moot. Friends of Keeseville, Inc. v. F.E.R.C., 859 F.2d 230, 233 n.7 (D.C. Cir. 1988); American Council for the Blind v. Washington Metro. Area Trans. Auth., 133 F. Supp. 2d 66, 72 n.1 (D.D.C. 2001).

In any event, Plaintiffs are not entitled to fees or costs in this litigation. The Equal Access to Justice Act ("EAJA") permits a court to award reasonable attorney's fees to a "prevailing party" in an action against the United States. 28 U.S.C. § 2412(b). Plaintiffs have not "prevailed" on their claims because the Court has not awarded them any relief. See Consolidated Edison Co. of N.Y., Inc. v. Bodman, 445 F.3d 438, 447 (D.C. Cir. 2006) (explaining that to prevail for purposes of EAJA a party must obtain relief from the Court); see also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Res., 532 U.S. 598, 605 (2001) ("We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief."). Accordingly, ICE's voluntary resolution of Plaintiffs' requests deprives Plaintiffs of any claim for fees or costs.

## II. EVEN IF THE CASE WERE NOT MOOT, THE COURT WOULD LACK JURISDICTION.

### A. Plaintiffs' Complaint Raises Contract Claims.

Although the complaint invokes the Administrative Procedure Act, Plaintiffs' claims are contractual in nature. A claim that a federal agency has failed to comply with a settlement agreement to which it is a party is a contract claim. See Hansson v. Norton, 411 F. 3d 231, 234 (D.C. Cir. 2005); Brown, 389 F.3d at 1297; Shaffer, 325 F.3d at 372. Here, Plaintiffs allege that Defendants incurred certain obligations pursuant to the Settlement Agreement, but have failed to fulfill those obligations in a timely manner. See Compl. ¶¶ 3, 14-16. Specifically, Plaintiffs contend that the Settlement Agreement gave them a right to periodic review of their custody status and waived rights, but that Defendants have not completed their adjudication of Plaintiffs'

requests for review. See id. ¶¶ 15-16. Thus, the allegations of the complaint seek to enforce a settlement agreement, and Plaintiffs' decision to frame the complaint as an APA action does not change the essential nature of their claims.

### B. The Court Lacks Jurisdiction to Review Plaintiff's Claims Because They Seek Only Equitable Relief.

The Tucker Act, 28 U.S.C. § 1491, provides the exclusive remedy for contract claims against the government, and waives sovereign immunity. See Transohio Savs. Bank v. Dir., Office of Thrift Supervision, 967 F.2d 598, 609 (D.C. Cir. 1992); 28 U.S.C. § 1491. Specifically, the statute provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Federal district courts and the Court of Federal Claims have concurrent jurisdiction, under the Little Tucker Act, only if the claim does not exceed $10,000. See 28 U.S.C. § 1346(a)(2). If the claim exceeds $10,000, the Court of Federal Claims has exclusive jurisdiction. See Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003); Hansson v. Norton, 411 F. 3d 231, 233 (D.C. Cir. 2005) (a district court lacks jurisdiction over contract claims against the United States for more than $10,000, over which the Court of Federal Claims has exclusive jurisdiction).

The Tucker Act does not authorize suits for equitable relief, but instead applies only to actions which seek monetary relief. See Wright v. Foreign Serv. Grievance Bd., 503 F. Supp. 2d 163, 178-80 (D.D.C. 2006). The statute gives the Court of Claims some equitable powers, but

those powers may be exercised only when equitable relief is "incidental and collateral to" a damages award. 28 U.S.C. § 1491(a)(2). Federal district courts' jurisdiction over Little Tucker Act cases is subject to the same limitations. See Wright, 503 F. Supp. 2d at 178. Therefore, the Tucker Act and Little Tucker Act do not permit district courts to review breach of contract claims which seek solely equitable relief. See id. at 178-79.

The equitable nature of the relief Plaintiffs seek deprives this Court of subject matter jurisdiction to review Plaintiffs' contract claims. The complaint requests injunctive relief — namely an order requiring Defendants to complete their adjudication of Plaintiffs' requests for review. Compl. ¶ 36. It does not request damages. See id. at Prayer for Relief. Accordingly, Plaintiffs cannot rely upon the Tucker Act to establish jurisdiction.

### C. The APA Does Not Provide An Alternative Source of Jurisdiction.

Although the APA is not an independent source of subject matter jurisdiction, it operates in tandem with federal question jurisdiction under 28 U.S.C. § 1331 to permit courts to review challenges to certain agency actions. See Califano v. Sanders, 430 U.S. 99, 107 (1977). Contract claims may give rise to federal question jurisdiction where, as here, the contract was entered into with a federal entity. See Wright, 503 F. Supp. 2d at 180. Therefore, the dispositive question is whether Plaintiffs' claims are within the scope of the APA's waiver of immunity.

The APA expressly precludes judicial review of challenges to agency action if the plaintiff seeks relief that is "expressly or impliedly forbidden by another statute." 5 U.S.C. § 702. The Tucker Act is a statute which "impliedly forbid[s]" district courts from granting equitable relief in APA actions that are founded upon a contract claim. See Transohio, 967 F.2d at 609; Wright, 503 F. Supp. 2d at 180-81. Therefore, the APA's waiver of sovereign immunity does not extend

to contract claims. See Transohio, 967 F.2d at 609-10; accord Robbins v. Bureau of Land Management, 438 F.3d 1074, 1082 (10th Cir. 2006). Instead, "under § 702 and the Tucker Act, litigants in the District of Columbia may bring common-law contract claims only as actions for money damages," in the Claims Court or a federal district court. Id. at 610; Wright, 503 F. Supp. 2d at 181 (quoting same).

Those principles preclude this Court from exercising APA jurisdiction over Plaintiffs' claims. The Tucker Act is the only statute which waives the government's immunity from suit on contract claims. See Wright, 503 F. Supp. 2d at 181; Robbins v. Reagan, 616 F. Supp. 1259, 1271 (D.D.C. 1985). Claims that seek to enforce a settlement agreement are contract claims for purposes of the Tucker Act. See Shaffer, 325 F.3d at 372. The Settlement Agreement is a contract between Plaintiffs and the Department of Homeland Security, and the Tucker Act therefore bars Plaintiffs' reliance upon the APA as a waiver of sovereign immunity or source of subject matter jurisdiction.

## III. THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE THE SETTLEMENT AGREEMENT EXPRESSLY WAIVES JUDICIAL REVIEW.

Assuming arguendo that the Court had jurisdiction, Defendants' alleged delay in responding to Plaintiffs requests for review would not give rise to a viable claim. The Settlement Agreement expressly waives judicial review of Defendants' consideration of such requests. Specifically, Plaintiffs waived "any review, administrative or judicial, of the Attorney General's consideration of or decision relating to any request to restore rights waived by this Agreement". [2]

---

[2] While Plaintiffs may be dissatisfied with the results of ICE's adjudication of their respective requests for review, the Settlement Agreement's waiver provisions clearly bar Plaintiffs from challenging ICE's substantive ruling in this litigation or any other court. See

Settlement Agreement § VII-A. The ordinary meaning of the phrase "consideration of" encompasses the actions that Plaintiffs challenge here — namely Defendants' alleged failure to complete that deliberative process as quickly as Plaintiffs desire. Having relinquished their right to judicial review of Defendants' "consideration" of their requests for review, Plaintiffs cannot challenge the scope or pace of Defendants' deliberations in this Court.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Defendants' motion to dismiss.

Dated: May 8, 2008

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Javad Khazaeli
Associate Legal Advisor
U.S. Immigration and Customs Enforcement

Settlement Agreement §§ VI, VIII-A.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ADIL HADI AWADH, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case Number: 1:08CV0078(RMC) |
| MICHAEL CHERTOFF, Secretary, United States Department of Homeland Security, et al., | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of Defendants' Motion to Dismiss, it is this _____________ day of ________________, 2008,

ORDERED that Defendants' Motion be and hereby is granted for the reasons set forth in the accompanying memorandum.

SO ORDERED.

___________________________________
United States District Judge

# AGREEMENT

WHEREAS the Immigration and Naturalization Service (hereinafter referred to as the "INS") has instituted exclusion proceedings against Mohammed Jwer Al-Ammary (A76-201-016), Ali Jahjoh Saleh (A76-200-369), Adil Hadi Awadh (A76-201-533), Mohammed Jassin Tuma (A76-200-974), Ali Yasim Mohammed Karim (A76-200-431), Safadim Hassan Al-Batat (A76-201-494), Haidar Al-Bandar (A76-200-959), and Mohammed Yassin Mohammed Karim (A75 010 669) (hereinafter referred to as the "Applicants"); and

WHEREAS the INS charged each Applicant as being inadmissible pursuant to Immigration and Nationality Act sections 212(a)(7)(A)(i)(I) and/or 212(a)(5)(A)(i)(I); and

WHEREAS the Applicants contested the exclusion charges and sought relief from exclusion in the form of asylum and withholding of deportation, INS opposed such relief on national security grounds, and an immigration judge denied such relief in decisions which were appealed to the Board of Immigration Appeals and remanded back to the immigration judge[1]; and

WHEREAS the Applicants and the INS (hereinafter collectively referred to as the "Parties") anticipate that in the absence of settlement these matters will be the subject of protracted litigation;

THEREFORE, in consideration of the above and in exchange for the benefits and promises as stated herein, the Parties enter into the following Agreement and stipulate that it imposes binding obligations on the Parties and their successors to the extent stated below and that this Agreement constitutes a full and complete resolution of any issues relating to these proceedings.

I. STIPULATED ORDER OF EXCLUSION. The Parties stipulate and agree to jointly move the immigration judge[2] to enter a final order (Attachment A) which orders the Applicants excluded and deported from the United States pursuant to Immigration and Nationality Act section 212(a)(7)(A)(i)(I) on grounds that each Applicant is an "immigrant [who] at the time of application for admission . . . [was] not in possession of a valid unexpired immigrant visa . . . or other valid entry document . . .", and vacating the immigration judge's earlier orders of exclusion against each of the applicants.

---

[1] The case of Haidar Al-Bandar (A76-200-959), however, has not been remanded and is currently before the Board of Immigration Appeals.

[2] In the case of Haidar Al-Bandar (A76-200-959), however, the Parties agree to jointly move the Board of Immigration Appeals to enter a final order of exclusion and an order vacating the immigration judge's order of exclusion.

II. STIPULATION REGARDING APPLICATIONS FOR ASYLUM AND WITHHOLDING OF DEPORTATION AND FOR PROTECTION UNDER THE CONVENTION AGAINST TORTURE. Each Applicant agrees to, and hereby does, withdraw his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and hereby waives any right to any relief from removal in this or any future proceeding to remove him from the United States.

III. EXCLUSION AND DEPORTATION TO SPECIFIED THIRD COUNTRIES. The Applicants agree to accept exclusion and deportation to any of those countries identified on Attachment B if all conditions set forth in Section IV are met. The INS agrees that it will not exclude and deport the Applicants to any country other than those identified on Attachment B, and further, that it will not exclude and deport them to any country identified on Attachment B unless all conditions set forth in Section IV are met. The INS may exclude and deport one or more of the Applicants to separate countries listed on Attachment B. The spouses and children of the Applicants will decide, in their sole discretion, whether they will accompany the Applicants to that country. It shall not be grounds for objection to an Applicant's removal to a country listed on Attachment B that his spouse or children elect not to accompany him. Applicants and their counsel agree to make best efforts to assist in the resettlement of the Applicants as provided in Attachment C. Nothing in this Agreement shall prevent Applicants from departing the United States of their own volition and at their own expense and traveling to any country, regardless of whether that country appears on Attachment B. Any such departure from the United States shall constitute a departure pursuant to the stipulated order of exclusion and all provisions of this agreement shall apply.

IV. CONDITIONS OF EXCLUSION AND DEPORTATION. The Parties agree that deportation of any or all of the Applicants to a country identified on Attachment B may occur providing the following conditions are met:

A. The country agrees to accept the Applicant and the Applicant's spouse and children, if any.

B. The country agrees not to deport or otherwise expel the Applicant or his spouse or children to any country not identified on Attachment B unless the Applicant, his spouse, or child commits a violation identified in Subsection C below.

C. The country agrees not to detain, imprison, extradite, or expel the Applicant or his spouse or children other than for criminal or immigration violations committed after the date of resettlement in that country, or for crimes or immigration violations committed before the date of resettlement if those crimes or violations were within the jurisdiction of the country of resettlement, provided that under no circumstances may the country of resettlement expel, return or extradite the Applicant, his spouse, or children to another country where there are substantial

grounds for believing that they would be in danger of being subjected to torture.

D. The country agrees to allow any Applicant and his spouse and children to remain or reside for so long as they conduct themselves in that country consistently with that country's laws, and to permit them to seek and maintain employment, attend school, and practice their religion and to enjoy privileges and rights accorded other aliens of similar immigration status in that country.

E. The country's agreement to the foregoing conditions is made in a written communication to an appropriate U.S Government official or entity and receipt of such agreement is verified by INS to the individual Applicant. INS will provide written confirmation of the country's full agreement to the foregoing conditions.

An Applicant may waive any of the foregoing conditions.

V. CHANGE IN CUSTODY STATUS. Within fourteen days of the entry of a given Order of Exclusion pursuant to Section I of this Agreement, above, the INS will modify the Applicant's custody status as provided in Attachment D, provided that the applicants have executed the written consent decree described in paragraph E of Attachment D. INS will provide the Applicants with transportation to Lancaster County, Nebraska.

VI. WAIVER OF JUDICIAL REVIEW OF CUSTODY CONDITIONS. The Applicants knowingly and voluntarily agree to waive any right to any administrative or judicial review of any custody status or conditions of their custody as provided in Attachment D.

VII. VIOLATION OF NEW CUSTODY CONDITIONS. If an Applicant violates any substantive terms or conditions set forth in Attachment D, as determined by the sole, unreviewable, discretion of INS at the headquarters level, or is convicted by a final judgment of an aggravated felony, as defined in section 101(a)(43) of the Immigration and Nationality Act, such Applicant will be returned to the conditions of detention existing prior to this Agreement. A violation of a substantive term or condition is defined as: where an Applicant leaves Lancaster County without advance permission from the INS and without a valid excuse; where an Applicant violates the requirement that he remain at home during certain hours pursuant to paragraph A of Attachment D and does not have a valid excuse; where an Applicant fails to make a required personal appearance and does not have a valid excuse for missing the appearance; where an Applicant willfully obstructs surveillance or a search being carried out pursuant to the terms of the Agreement; where an Applicant engages in any activity prohibited by paragraph G of Attachment D; or significant violations of other provisions of Attachment D. The determination as to what constitutes a valid excuse shall be in the sole, unreviewable discretion of the INS. If an Applicant is taken into custody for a substantive violation of a term or condition of Attachment D, Applicant's counsel will be permitted the opportunity to provide the INS General Counsel's Office

with a written statement addressing whether the Applicant should remain in detention. Violation of any of the terms or conditions set forth in Attachment D will not affect the continuing validity of the Order of Exclusion entered pursuant to Section I of this Agreement or of any of the other terms of the Agreement. Nothing in this Agreement shall prevent the INS from instituting removal proceedings against the Applicants in accordance with the Immgration and Nationality Act, or from seeking to reopen exclusion proceedings before the Immigration Court (or, in the case of Haidar Al-Bandar, before the Board of Immigration Appeals), for any immigration violation committed or discovered after the execution of this Agreement, from detaining applicants pursuant to any such new or reopened removal or exclusion proceedings, or from executing, in accordance with INA Section 241, a final order of removal entered pursuant to any such new or reopened removal or exclusion proceedings. If the INS does decide to commence new removal proceedings against an Applicant or if the INS seeks to reopen exclusion proceedings against an Applicant, all waivers of that Applicant's rights and all limitations on the government's ability to detain, exclude, and deport that Applicant provided for in this Agreement shall be revoked, the conditions of custody set forth in Attachment D shall not apply, and that Applicant will be free to seek any and all forms of relief provided for by statute or the Constitution for which he is eligible before any appropriate administrative or judicial forum.

VIII. MISCELLANEOUS PROVISIONS.

A. Voluntary Waiver of Rights. After consultation with counsel and understanding the legal consequences of doing so, Applicants knowingly and voluntarily agree to waive any right to any administrative or judicial review of the stipulated Orders of Exclusion, any right to any motion to reopen or reconsider the stipulated Orders of Exclusion, and any right to any claim for relief from these Orders of Exclusion for which they might be eligible, including, but not limited to, asylum, withholding of deportation, adjustment of status, registry, de novo review of a denial or revocation of temporary protected status, relief under sections 212(c) or 212(h) of the INA, accompanying or following-to-join benefits under section 208(b)(3) of the INA, or any other possible relief available under the Constitution and laws of the United States. Applicants waive any and all rights the existence of which and the consequences of which are unknown at present but which may become known in the future. Applicants also waive any and all rights they may have to challenge any provision of this Agreement in any U.S. or foreign court or tribunal. The purpose of this provision is to preclude attacks on this Agreement and Orders of Exclusion. INS agrees that the Agreement and Orders of Exclusion shall not be used to curtail or attempt to curtail in any way, Applicants' rights in any other nation, and all Parties agree that this Agreement and Orders of Exclusion shall not be used by any party except as expressly provided in this Agreement or as expressly permitted by the Immigration and Nationality Act. In the event that there is a change in U.S. law prohibiting any one or more of the terms of this Agreement, or a decision by a U.S. court finding any one or more of such terms to be unenforceable, Applicants agree that they are estopped from obtaining relief from their obligations under this Agreement. Upon written request by an Applicant, the Attorney General, in her discretion, may restore to an

Applicant any, several, or all of the rights waived by this agreement. Applicants waive any review, administrative or judicial, of the Attorney General's consideration of or decision relating to any request to restore rights waived by this Agreement.

B. Release from Liability. Applicants release and forever discharge the United States Government, the Department of Justice, the INS, and all officers, agents, and employees of those entities, from any and all claims, demands, damages, actions, causes of action, or suits of whatever kind or nature which now exist or which may hereafter accrue, arising out of or in any way connected with the referenced exclusion proceedings, and resulting in this Agreement and Order of Exclusion. This release shall be binding upon Applicants' heirs, executors, administrators, representatives, and assigns.

C. No Re-entry or Re-admission. Applicants agree that they will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Attorney General, and they knowingly and voluntarily agree to waive any and all rights to seek admission or entry into the United States on any grounds. Applicants stipulate to the admission in evidence of this Agreement and Orders of Exclusion in any future criminal or civil proceedings.

D. Good Faith. The Parties agree to act in good faith to fulfill the entirety of this Agreement.

E. Official Record. Applicants consent to the admission of this Agreement as an exhibit to the record of the exclusion proceedings commenced against them.

F. Representation by Counsel. Applicants have read this Agreement and all attachments hereto in the presence of their attorneys and in the presence of a translator who is fluent in Arabic and English. The Applicants understand and agree to the terms set forth in this Agreement. They have entered into this Agreement freely and voluntarily, without reservation and free of any duress, threats, or coercion from any source. They also represent that they are fully satisfied with the representation they have received from their undersigned attorneys, and they waive any claims of ineffective assistance of counsel.

G. Authority of INS Counsel. The undersigned attorneys representing INS hereby attest that they are authorized by the Department of Justice to sign this Agreement on behalf of the relevant components of the Department of Justice, but not including the Executive Office for Immigration Review, and by so doing bind those components of the Department of Justice to the terms and conditions of this Agreement.

H. Attorneys fees. The Parties agree that they will bear their own attorneys fees, court costs, and other related expenses they have incurred or will incur in connection with the efforts of the United States to exclude Applicants and all related matters.

I. Effective Date. This Agreement will be effective as of the date executed by all Parties. Any party may at its option withdraw from this Agreement should the Immigration Court (or, in the case of Haidar Al-Bandar, the Board) enter an Order which is not the substantial equivalent of the Order of Exclusion proposed by this Agreement.

J Obligations of the United States After Removal. The obligations of the United States pursuant to this Agreement with respect to each Applicant shall be deemed completed upon the removal of each Applicant to a selected country, or a departure under Section III of this agreement.

K. Transportation to Country Selected. Each Applicant agrees that his transportation to the country selected, and that of his accompanying spouse and children, if any, will be arranged, paid for, and completed by the INS. The Applicants and their spouses and children, if any, will cooperate with this effort by signing all appropriate documents and applications required for obtaining necessary travel documents and visas. INS will obtain all necessary travel documents and visas for the Applicants and accompanying spouses and children, if any. Each Applicant will be individually notified by INS when a country identified on Attachment B has agreed to accept the Applicant pursuant to the conditions set forth in Section IV. INS will provide each Applicant and Applicant's counsel with a copy of the INS's written communication provided for in Section IV, E, and with written notice describing the date of departure from the United States. On a date designated by the INS, but no less than fourteen days after service of both notices, the Applicant, and any family members who choose to accompany the Applicant, will report as designated by the INS.

L. Nothing in this agreement shall in any way affect the U.S. citizenship status held by those children of the Applicants who have been or will be born within the United States.

M This agreement may be executed in several counterparts, each of which shall be deemed a duplicate original but which together shall constitute one and the same instrument.



MAR. 19. 2008 11:14AM OMAHA DRO NO. 5767 P. 8

**ATTACHMENT A**
*STIPULATED ORDERS OF EXCLUSION:*

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Haidar AL-BANDAR | ) | IN EXCLUSION PROCEEDINGS |
| A76 200 959 | ) | |
| | ) | |
| Applicant | ) | |

**ORDER OF EXCLUSION**

Upon consideration of the parties' Agreement and Joint Stipulation and Motion, which includes the Applicant's withdrawal of his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and good cause appearing therefore,

IT IS ORDERED:

(a) That the parties' Agreement be and hereby is admitted and made part of the record of proceedings;

(b) That the Applicant be and hereby is excluded as charged in his exclusion proceeding, specifically that the Applicant is inadmissible pursuant to the Immigration and Nationality Act Section 212(a)(7)(A)(i)(I) in that the Applicant is an "immigrant [who] at the time of application for admission[ ] was not in possession of a valid unexpired immigrant visa . . . or other valid entry document"; and

(c) That in view of the foregoing, the immigration judge's order of exclusion against the Applicant be and hereby is vacated.

____________________________________

The Board of Immigration Appeals



MAR. 19. 2008 11:14AM OMAHA DRO NO. 5767 P. 10

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN PEDRO, CA

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Mohammad Yassin Mohammed KARIM | ) | IN EXCLUSION PROCEEDINGS |
| (aka Hamdi Al Jawahiry) | ) | |
| A75 010 669 | ) | |
| | ) | |
| Applicant | ) | |

**ORDER OF EXCLUSION**

Upon consideration of the parties' Agreement and the Joint Stipulation and Motion, both of which have been filed with the Immigration Court, which include the Applicant's withdrawal of his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and good cause appearing therefore,

IT IS ORDERED:

(a) That the parties' Agreement be and hereby is admitted and made part of the record of proceedings;

(b) That the Applicant be and hereby is excluded as charged in his exclusion proceeding, specifically that the Applicant is inadmissible pursuant to the Immigration and Nationality Act Section 212(a)(7)(A)(i)(I) in that the Applicant is an "immigrant [who] at the time of application for admission[ ] was not in possession of a valid unexpired immigrant visa . . . or other valid entry document"; and

(c) That in view of the foregoing, this court's order of exclusion entered on April 10, 1998 against the Applicant be and hereby is vacated.

______________________________

Immigration Judge

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN PEDRO, CA

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Mohammed Jwer AL-AMMARY | ) | |
| A76 201 016 | ) | IN EXCLUSION PROCEEDINGS |
| | ) | |
| Applicant | ) | |

**ORDER OF EXCLUSION**

Upon consideration of the parties' Agreement and the Joint Stipulation and Motion, both of which have been filed with the Immigration Court, which include the above-named Applicant's withdrawal of his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and good cause appearing therefore,

IT IS ORDERED:

(a) That the parties' Agreement be and hereby is admitted and made part of the record of proceedings;

(b) That the above-named Applicant be and hereby is excluded as charged in his exclusion proceeding, specifically that the Applicant is inadmissible pursuant to the Immigration and Nationality Act Section 212(a)(7)(A)(i)(I) in that the Applicant is an "immigrant [who] at the time of application for admission[ ] was not in possession of a valid unexpired immigrant visa . . . or other valid entry document"; and

(c) That in view of the foregoing, this court's order of exclusion entered on March 9, 1998 against the above-named Applicant be and hereby is vacated.

________________________________
Immigration Judge



MAR. 19. 2008 11:15AM OMAHA DRO NO. 5767 P. 14

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN PEDRO, CA

| | | |
|---|---|---|
| In the Matters of | ) | |
| | ) | |
| Ali Jahjoh SALEH | ) | |
| A76 200 369 | ) | |
| | ) | IN EXCLUSION PROCEEDINGS |
| Applicant | ) | |

**ORDER OF EXCLUSION**

Upon consideration of the parties' Agreement and the Joint Stipulation and Motion, both of which have been filed with the Immigration Court, which include the above-named Applicant's withdrawal of his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and good cause appearing therefore,

IT IS ORDERED:

(a) That the parties' Agreement be and hereby is admitted and made part of the record of proceedings;

(b) That the above-named Applicant be and hereby is excluded as charged in his exclusion proceeding, specifically that the Applicant is inadmissible pursuant to the Immigration and Nationality Act Section 212(a)(7)(A)(i)(I) in that the Applicant is an "immigrant [who] at the time of application for admission[ ] was not in possession of a valid unexpired immigrant visa . . . or other valid entry document"; and



MAR. 19. 2008 11:15AM OMAHA DRO NO. 5767 P. 15

(c) That in view of the foregoing, this court's order of exclusion entered on March 9, 1998 against the above-named Applicant be and hereby is vacated.

______________________________

Immigration Judge



MAR. 19. 2008 11:15AM OMAHA DRO NO. 5767 P. 16

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN PEDRO, CA

| | | |
|---|---|---|
| In the Matters of | ) | |
| | ) | |
| | ) | |
| Adil Hadi AWADH | ) | |
| A76 201 533 | ) | IN EXCLUSION PROCEEDINGS |
| | ) | |
| Applicant | ) | |

**ORDER OF EXCLUSION**

Upon consideration of the parties' Agreement and the Joint Stipulation and Motion, both of which have been filed with the Immigration Court, which include the above-named Applicant's withdrawal of his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and good cause appearing therefore,

IT IS ORDERED:

(a) That the parties' Agreement be and hereby is admitted and made part of the record of proceedings;

(b) That the above-named Applicant be and hereby is excluded as charged in his exclusion proceeding, specifically that the Applicant is inadmissible pursuant to the Immigration and Nationality Act Section 212(a)(7)(A)(i)(I) in that the Applicant is an "immigrant [who] at the time of application for admission[ ] was not in possession of a valid unexpired immigrant visa . . . or other valid entry document"; and

(c) That in view of the foregoing, this court's order of exclusion entered on March 9, 1998 against the above-named Applicant be and hereby is vacated.

________________________________

Immigration Judge



MAR. 19. 2008 11:15AM OMAHA DRO NO. 5767 P. 18

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN PEDRO, CA

| | | |
|---|---|---|
| In the Matters of | ) | |
| | ) | |
| | ) | |
| Mohammed Jassin TUMA | ) | |
| A76 200 974 | ) | IN EXCLUSION PROCEEDINGS |
| | ) | |
| | ) | |
| Applicant | ) | |

**ORDER OF EXCLUSION**

Upon consideration of the parties' Agreement and the Joint Stipulation and Motion, both of which have been filed with the Immigration Court, which include the above-named Applicant's withdrawal of his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and good cause appearing therefore,

IT IS ORDERED:

(a) That the parties' Agreement be and hereby is admitted and made part of the record of proceedings;

(b) That the above-named Applicant be and hereby is excluded as charged in his exclusion proceeding, specifically that the Applicant is inadmissible pursuant to the Immigration and Nationality Act Section 212(a)(7)(A)(i)(I) in that the Applicant is an "immigrant [who] at the time of application for admission[ ] was not in possession of a valid unexpired immigrant visa . . . or other valid entry document"; and

(c) That in view of the foregoing, this court's order of exclusion entered on March 9, 1998 against the above-named Applicant be and hereby is vacated.

______________________________

Immigration Judge

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN PEDRO, CA

| | | |
|---|---|---|
| In the Matters of | ) | |
| | ) | |
| Ali Yasim Mohammed KARIM | ) | |
| A76 200 431 | ) | IN EXCLUSION PROCEEDINGS |
| | ) | |
| Applicant | ) | |

**ORDER OF EXCLUSION**

Upon consideration of the parties' Agreement and the Joint Stipulation and Motion, both of which have been filed with the Immigration Court, which include the above-named Applicant's withdrawal of his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and good cause appearing therefore,

IT IS ORDERED:

(a) That the parties' Agreement be and hereby is admitted and made part of the record of proceedings;

(b) That the above-named Applicant be and hereby is excluded as charged in his exclusion proceeding, specifically that the Applicant is inadmissible pursuant to the Immigration and Nationality Act Section 212(a)(7)(A)(i)(I) in that the Applicant is an "immigrant [who] at the time of application for admission[ ] was not in possession of a valid unexpired immigrant visa . . . or other valid entry document"; and



MAR. 19. 2008 11:16AM OMAHA DRO NO. 5767 P. 21

(c) That in view of the foregoing, this court's order of exclusion entered on March 9, 1998 against the above-named Applicant be and hereby is vacated.

________________________________

Immigration Judge

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN PEDRO, CA

| | | |
|---|---|---|
| In the Matters of | ) | |
| | ) | |
| Safadim Hassan AL-BATAT | ) | |
| A76 201 494 | ) | IN EXCLUSION PROCEEDINGS |
| | ) | |
| Applicant | ) | |

**ORDER OF EXCLUSION**

Upon consideration of the parties' Agreement and the Joint Stipulation and Motion, both of which have been filed with the Immigration Court, which include the above-named Applicant's withdrawal of his application for asylum and withholding of deportation and for protection under the Convention Against Torture, and good cause appearing therefore,

IT IS ORDERED:

(a) That the parties' Agreement be and hereby is admitted and made part of the record of proceedings;

(b) That the above-named Applicant be and hereby is excluded as charged in his exclusion proceeding, specifically that the Applicant is inadmissible pursuant to the Immigration and Nationality Act Section 212(a)(7)(A)(i)(I) in that the Applicant is an "immigrant [who] at the time of application for admission[ ] was not in possession of a valid unexpired immigrant visa . . . or other valid entry document"; and

(c) That in view of the foregoing, this court's order of exclusion entered on March 9, 1998 against the above-named Applicant be and hereby is vacated.

____________________________
Immigration Judge



MAR. 19. 2008 11:16AM OMAHA DRO NO. 5767 P. 24

## ATTACHMENT B

RESETTLEMENT COUNTRIES:

Andorra
Antigua
Argentina
Australia
Austria
Bahamas, The
Barbados
Barbuda
Belgium
Belize
Brazil
Brunei
Canada
Chile
Costa Rica
Czech Republic
Denmark
Dominica
Egypt
Estonia
Fiji
Finland
France
Germany
Greece
Grenada
Holy See
Honduras
Hungary
Iceland
India
Indonesia
Ireland
Israel
Italy
Jamaica
Japan
Korea, South
Liechtenstein
Luxembourg
Malaysia
Marshall Islands
Mexico
Micronesia, Federated States of
Monaco
Morocco
Nepal
Netherlands
New Zealand
Nicaragua
Norway
Palau
Panama
Philippines
Poland
Portugal
Saint Kitts and Nevis
Saint Lucia
Saint Vincent and the Grenadines
Samoa
San Marino
Saudi Arabia
Singapore
Solomon Islands
South Africa
Spain
Sweden
Switzerland
Trinidad and Tobago
Tunisia
Turkey
United Kingdom
Vanuatu
Venezuela

## ATTACHMENT C
BEST EFFORTS TO ASSIST IN RESETTLEMENT

To assist in the effort to resettle the Applicants in other countries, each Applicant agrees to the following:

1. Within fourteen days from the execution of this Agreement, each Applicant shall provide a list of any relatives or any other personal connections (i.e. family friend, former colleague) of either the Applicant or the Applicant's spouse residing in any country on Attachment B. Such list will contain with respect to each relative or connection of the Applicant or his spouse information the Applicant or his spouse has, including the person's name, last known address, telephone number, or any other information that may indicate that person's residence, citizenship, or immigration status within a country on Attachment B.

2. Each Applicant agrees to make himself available in person at the request of the United States Department of State or other U.S. government officials assigned to the resettlement effort to be interviewed in connection with the resettlement process.

3. The Applicants and their counsel shall not take any action to undermine the resettlement efforts of the United States, or make statements to the media or other public statements regarding resettlement efforts.



MAR. 19. 2008 11:16AM OMAHA DRO NO. 5767 P. 26

**ATTACHMENT D**

CONDITIONS OF CUSTODY:

The specific terms of the applicants' custody are as follows:

A. The Applicants must remain within the physical confines of Lancaster County, Nebraska at all times, except that applicants may leave the county in order to comply with the requirement to appear described in paragraph D below. Except for medical emergencies and where modified with the prior written consent of the INS, the Applicants must remain at their homes between the hours of 10:00 PM and 6:00 AM For the purposes of this paragraph, the requirement that applicants remain "at their home" shall permit Applicants to be present in the common areas of any apartment building or multi-living unit in which they reside, the yard or garden areas immediately adjacent to the home, apartment, or multi-living unit, and the sidewalk and private parking spaces adjacent to the home, apartment, or multi-living unit in which they reside, provided that they are reachable by telephone during those hours; and

B. The Applicants will be allowed to reside with their spouses and children, if any. If the Applicant does not have a spouse, the Applicant will be allowed to reside alone or, with the prior written consent of the INS, with other persons, including other Applicants; and

C. Within 30 days of the execution of this Agreement, the INS will issue employment authorization documents to the Applicants and will renew the employment authorization documents as long as Applicants reside in the United States; and

D. The Applicants will be required to contact the Chicago Command Center of the INS each day at a time to be determined (including Saturdays and Sundays), at 1-800-748-5602, to speak to an Immigration Officer and to answer several identifying questions. If for any reason they do not receive an immediate reply they are to continue the attempt to contact the INS. Should the conditions of employment require any modification to the call-in time, a request must be submitted in writing, to the Omaha District Office. In addition, the Applicants will be required to appear at the Omaha District Office, 3736 South 132nd St., monthly on a day and time to be determined by the INS, and ask to speak to a deportation officer; and

E. The Applicants hereby consent, without the need for warrant or notice, to surveillance of their activities, including but not limited to, vehicles, mail, personal belongings, and financial records, periodic visits at their residences to verify their whereabouts, searches of their residences (only during daylight hours, except in emergent circumstances), and monitoring of their telephone calls, by any Federal law enforcement agency, and they agree to execute a written consent decree authorizing the telephone company to allow such monitoring. This agreement does not in any way authorize state or local law enforcement officials to conduct searches of their

person, their residence, or to monitor their telephone calls unless such state or local law enforcement officials obtain a properly issued search warrant, except at the request of the INS or other federal law enforcement agency; and

F. Prior to engaging in any particular employment, the applicants must receive written approval from the Immigration and Naturalization Service. The INS will approve or reject any particular employment within 5 business days of receiving a written request providing the name and telephone number of the employer and describing the proposed employment, including its duties, location, and hours. Any such written request or response may be provided via facsimile transmission; and

G. The Applicants may not engage in any activity that causes the Omaha District Director, in consultation with the INS Office of Field Operations, to regard the applicant as a danger to the security of the United States, a danger to the community, or a risk of flight; and

H. Upon the Applicants' written request, the INS will reevaluate the status and conditions of the Applicants' custody status on a semi-annual basis. This does not limit the INS's ability to reevaluate custody status and conditions, or other provisions of the agreement, or its attachments, at any time.

EXECUTION OF THE FOREGOING AGREEMENT, INCLUDING ATTACHMENTS A, B, C, AND D.

FOR APPLICANT AND COUNSEL:

| | |
|---|---|
| 6/4/1999 | |
| Adil Hadi Awadh (A76-201-533) | Date |
| 6/7/99 | |
| R. James Woolsey, Esq. | Date |
| 6/6/99 | |
| Bruce Swartz, Esq. | Date |
| Daniel Levy, Esq. | Date |
| 6/4/99 | |
| Niels Frenzen, Esq. | Date |

FOR THE INS:

6/9/99

Bo Cooper, Esq. — Date
Acting General Counsel
Immigration and Naturalization Service



MAR. 19. 2008 11:17AM OMAHA DRO NO. 5767 P. 29

Received: 6/ 9/99 4:13PM 3239510990 -> PUBLIC COUNSEL; Page 5
06/09/1999 15:11 3239510990 LAW OFFICE OF D. LEVY PAGE 05
JUN-09-99 17:48 FROM: Shea&Gardner ID: 202+828+2195 PAGE 3

**EXECUTION OF THE FOREGOING AGREEMENT, INCLUDING ATTACHMENTS A, B, C, AND D:**

**FOR APPLICANT AND COUNSEL:**

6/4/1999
Adil Hadi Awadh (A76-201-533) — Date

6/7/99
R. James Woolsey, Esq. — Date

6/6/99
Bruce Swartz, Esq. — Date

6/9/99
Daniel Levy, Esq. — Date

6/4/99
Niels Frenzen, Esq. — Date

**FOR THE INS:**

6/9/99
Bo Cooper, Esq. — Date
Acting General Counsel
Immigration and Naturalization Service



MAR. 19. 2008 11:17AM OMAHA DRO NO. 5767 P. 30

U.S. Department of . .tice
Immigration and Naturalization Service

HQCOU 90/16.5-C

Office of the General Counsel

*425 I Street NW*
*Washington, DC 20536*

JAN 23 2001

R. James Woolsey, Esq.
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036

Re: Mohammed Jwer Al-Ammary, et. al.
Haidar Abbas Mohammed Al-Bandar

Dear Mr. Woolsey:

Your letter to the Attorney General of October 16, 2000, asking her to review and reconsider the conditions of release agreed to by your clients on June 4, 1999, was referred to me for response.

Your request is based primarily on your claim that Immigration Judge Sitgraves' decisions granting asylum in the cases of Dr. Ali Karim and his brother, Mohammed Karim, call into question the allegations made against your other clients. You point out that the information the FBI provided after their interviews on Guam did not persuade Judge Sitgraves that the Karims are dangers to the national security. You maintain that this result may cast a new light on the probative value of the information gleaned from the FBI's interviews on Guam of your other clients and the conclusions flowing from that information.

The settlement agreement, at paragraph H of Attachment D, calls for the INS to reevaluate the status and conditions of the Applicants' custody on a semi-annual basis upon written request of the Applicants. We have treated your letter as such a request, and have reevaluated those conditions in fulfillment of our obligation under paragraph H and in accordance with the good faith provision of Section VIII, Paragraph D of the Agreement. In determining whether to modify restrictions designed to minimize any potential danger posed by your other clients, the Department and the INS must assess that potential danger, rather than predict how Judge Sitgraves or any other adjudicator might view the matter. To that end, we have again reviewed the evidence presented in the other six cases. We have consulted with INS's operational components and with officials in the Department of Justice to reassess the potential danger in light of: 1) your clients' compliance, thus far, with the requirements laid out

in the settlement agreement; and 2) the findings of Judge Sitgraves concerning the general reliability of some of the information acquired on Guam.

Based on this review, we are willing to adjust some of the restrictions placed on five of your clients. Neither the Department of Justice nor the INS believes it is appropriate to alter the conditions of custody for Mr. Tuma. This decision is based on a review of the totality of the evidence in that case. With regard to Mr. Saleh, Mr. Al-Ammary, Dr. Awadh, Mr. Al-Batat and Mr. Al-Bandar, however, we are willing to adjust some of the requirements contained in Attachment D to the Settlement Agreement. First, we are willing to waive the requirements set out in paragraphs A and F of Attachment D.[1] Second, we are willing to adjust the phone-in requirement of paragraph D for these five men from a daily to a weekly basis.[2] Third, instead of appearing monthly at the Omaha District Office, as required in paragraph "D" of Attachment D, the five will be required to appear monthly at the district office having jurisdiction over the individual's place of residence. Similarly, the authority of the Omaha District Director in paragraph G shall be transferred to the District Director of the office having jurisdiction over the applicant's place of residence. These applicants will be required to report any change of address to the Chicago Command Center no fewer than 5 days prior to any such change, and they must comply separately with 8 CFR 265.1. All of the other terms and conditions of Attachment D and

---

[1] Paragraph "A" provides:

"The Applicants must remain within the physical confines of Lancaster County, Nebraska at all times, except that applicants may leave the county in order to comply with the requirement to appear described in paragraph D below. Except for medical emergencies and where modified with the prior written consent of the INS, the Applicants must remain at their homes between the hours of 10:00 PM and 6:00 AM. For the purposes of this paragraph, the requirement that applicants remain "at their home" shall permit Applicants to be present in the common areas of any apartment building or multi-living unit in which they reside, the yard or garden areas immediately adjacent to the home, apartment, or multi-living unit, and the sidewalk and private parking spaces adjacent to the home, apartment, or multi-living unit in which they reside, provided that they are reachable by telephone during those hours."

Paragraph "F" provides:

"Prior to engaging in any particular employment, the applicants must receive written approval from the Immigration and Naturalization Service. The INS will approve or reject any particular employment within 5 business days of receiving a written request providing the name and telephone number of the employer and describing the proposed employment, including its duties, location, and hours. Any such written request or response may be provided via facsimile transmission."

[2] Paragraph "D" provides:

"The Applicants will be required to contact the Chicago Command Center of the INS each day at a time to be determined (including Saturdays and Sundays), at 1-800-748-5602, to speak to an Immigration Officer and to answer several identifying questions. If for any reason they do not receive an immediate reply they are to continue the attempt to contact the INS. Should the conditions of employment require any modification to the call-in time, a request must be submitted in writing, to the Omaha District Office. In addition, the Applicants will be required to appear at the Omaha District Office, 3736 South 132nd St., monthly on a day and time to be determined by the INS, and ask to speak to a deportation officer."

the rest of the settlement agreement remain in effect. We trust that these adjustments will significantly ease the difficulties described in your letter.

In your letter of January 3, 2001, you expressed concern over the safety of your clients, referring to an article that appeared in the on-line Iraqi newspaper, Babil, on December 31, 2000. The article named five of your clients and reported that they were living under restrictive conditions in an unnamed part of Nebraska, and it appeared near another article in the same edition, which reported the stabbing death of an Iraqi national in Cleveland. You interpret these articles as a threat against your clients and fear they will be in danger unless they are allowed to move about the country. After reviewing the articles to which you refer and consulting with others in the government, we cannot reasonably conclude that they reflect a real risk of harm to Iraqi nationals in the United States. The article naming your clients was reporting on a story that appeared in the Washington Post for which your clients granted interviews and allowed themselves to be photographed. In any event, the changes that we propose would allow five of your clients to relocate as long as they reported to the district office with jurisdiction over their new residences.

Please confirm that you and your clients have received and understand the adjustments to the conditions of custody. Upon receiving your confirmation, we will advise the Omaha district office that these adjustments are in effect. Should you have any questions concerning the modifications described above, please contact Ron Whitney, Associate General Counsel, at 202-514-2895.

Sincerely,

Bo Cooper

Bo Cooper
General Counsel

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
425 I Street, NW, Room 6100
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

May 7, 2008

Philip L. Bednar
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Re: Adil Hadi Awadh, A76 201 533, Mohammed Jassim Tuma, A76 200 974

Dear Mr. Bednar,

The U.S. Immigration and Customs Enforcement (ICE) has completed its review of your clients' requests for changes in their release conditions.

Based on this review, ICE will adjust the restrictions placed on Mr. Awadh and Mr. Tuma. The attached Orders of Supervision will replace the conditions in Attachment D of the 1999 Settlement Agreement between Mr. Awadh and Mr. Tuma and the INS. Mr. Awadh and Mr. Tuma should sign these Orders of Supervision and tender them to the ICE offices listed on their respective Orders of Supervision. Once ICE receives the signed Orders, the new conditions will be in force.

Future requests for modification of release conditions should include this correspondence and be sent to:

U.S. Immigration and Customs Enforcement
Office of Detention and Removal/Case Management Unit
Officer William K. Moulton
800 K. Street, N.W. Suite 650
Washington D.C. 20536

I have also attached the documents that you provided to us which purportedly originated in Iraq.

ICE will provide a copy of this correspondence (without the Iraqi documents) to the United States District Court for the District of Columbia to be filed in *Awadh, et al. v. Chertoff, et al.*, No. 1:08-cv-00078RMC (D.C., Jan. 15, 2008).

Sincerely,

Javad Khazaeli
Associate Legal Advisor
US Immigration and Customs Enforcement
US Department of Homeland Security

**U.S. Department of Justice**

Immigration and Naturalization Service

## Order of Supervision

File No: A76 201 533

This Order of Supervision (OSUP) supersedes the previous OSUP dated August 2, 1999

Date: May 2, 2008

Name: AWADH, Adil Hadi

on June 11, 1999, you were ordered:
(Date of final order)

[ X] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
[ ] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X ] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[X] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[X ] That you do not travel outside The State of Virginia for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

[X ] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[X ] That you report in person on the first Wednesday at 9:00am every June and December to this Service office at: 2675 Prosperity Avenue Fairfax, VA 22031 (703) 285-6200 unless you are granted written permission to report on another date.

[X] That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

[ X ] Other: **That you report telephonically monthly as instructed by your Deportation Officer listed above.**

[X] Other: **That you follow procedures established under the INS-Iraqi Settlement Agreement with the exception of Attachment D of the agreement dated June 10, 1999.**

[ X] See attached sheet containing other specified conditions (Continue on separate sheet if required)

(Signature of INS official)

(Print name and title of INS official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

(Signature of INS official serving order) (Signature of alien) Date

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form: **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| AWADH, Adil Hadi | A76 201 533 | May 2, 2008 |

***Alien's Signature***

(picture)

**Alien's Address**

4741 Thornbury Drive
Fairfax, VA 22030
(703) 825-1787

Alien's Telephone Number (if any)

**RIGHT INDEX PRINT**

PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| | | |

| Signature | Title |
|---|---|
| | |

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

**Order of Supervision-Addendum**

Name: AWADH, Adil Hadi File No: A76 201 533
Date: May 2, 2008

**[X] That you do not associate with individuals known to be involved in criminal activity, or be associated with any such activity.**

**[ ] That you register in a substance abuse program within 14 days and provide the Immigration and Customs Enforcement (ICE) with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.**

**[] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.**

**[] That you register as a sex offender, if applicable, within 10 days of being released, with the appropriate agency(s) and provide the ICE with written proof of such within 10 days.**

**[X] That you do not commit any crimes while on this Order of Supervision.**

**[] That you report to any parole or probation officer as required within 24 hours and provide ICE with written verification of the officers name, address, telephone number, and reporting requirements.**

**[] You must follow all reporting and supervision requirements as mandated by the parole or probation officer.**

**[] That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.**

**[] That you make good faith and timely efforts to obtain a travel document and assist ICE in obtaining a travel document.**

**[] That you submit a complete application for a travel document to all appropriate Embassies or Consulates, including those representing the countries of ______. You must present ICE with evidence that each Embassy or Consulate to which you apply has received your request and all required documents. This may be done, for example, by mailing your application(s) with a request for return receipt and providing the signed return receipt to ICE, by obtaining a tracking number when you mail your application(s) and providing the number to ICE, or by submitting written confirmation of receipt issued by the Embassy or Consulate.**

**[] That you submit your application(s) for a travel document to all appropriate Embassies or Consulates and provide proof of receipt to ICE before.**

**[] That you provide ICE a copy of your application(s) for a travel document that you submit to an Embassy or Consulate, including any supporting documents, photos, and other items provided to the Embassy or Consulate to support your application(s).**

**[] That you provide ICE a copy of all correspondence related to your travel document application(s) that you send to, or receive from, an Embassy or Consulate.**

**[] That you contact the Embassy or Consulate within 21 calendar days of making your application(s) to confirm that the information you provided is sufficient.**

**[] That you comply with any requests from an Embassy or Consulate for an interview and make good faith efforts to submit further documentation if required by the Embassy or Consulate.**

**[] Every time you report in person under this order of supervision, you must inform the local ICE office of all actions that you have taken to obtain a travel document. You must provide any available written documentation to ICE regarding these actions and the status of your travel document application(s).**

**[] That you provide ICE, upon request, with any and all information relevant to application(s)for a travel document. This may include, but is not limited to, providing information regarding your family history, including dates of birth, nationalities, addresses, and phone numbers as requested for such persons in your country of nationality and/or citizenship, or elsewhere, including residences, schools attended, etc.**

**[X] You will participate in a supervised release program, as described in the attached document. You will comply with the rules and requirements of this program and cooperate with its administrators.**

**Any violation of any of the above conditions may result in a fine, more restrictive condition, return to detention, criminal prosecution and/or revocation of your employment authorization document.**

**[X ] Alien's signature ________________________ date ___________________________**

**[X] Other.**
**Any violation of any of the above conditions may result in a fine, more restrictive release conditions, return to detention, criminal prosecution, and/or revocation of your employment authorization document.**

---

**Alien's Acknowledgement of Conditions of Release under an Order of Supervision**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order and addendum, a copy of which has been given to me. I understand that failure to comply with the terms of this order and addendum may subject me to a fine, more restrictive release conditions, detention, criminal prosecution, and/or revocation of my employment authorization document.

| | | |
|---|---|---|
| (Signature of INS/ICE official serving order) | (Signature of alien) | (date) |

Please note that all references in this order/addendum to "INS" or "Service" should now be considered to refer to U.S. Immigration and Customs Enforcement (ICE).

Updated 1/26/2005

# Outprocessing Checklist

## Sex Offenders

[ ] Probation/Parole Officer notified.

[ ] Registered as sex-offender as required by state statute within 7 days.

[ ] Victim/Witness Coordinator notified.

[ ] Victim/Witness notified.

[ ] Written Proof of Counseling.

## Substance Abusers

[ ] Probation/Parole Officer notified.

[ ] Written Proof of Counseling.

## All Aliens

[ ] Parole/Probation Officer notified.

[ ] Obtain address where living and telephone number.

[ ] Enter into IDENT

[ ] NCIC check

[ ] Travel document application

**Completed By:**

_______________________________________________

**Deportation Officer** **Date**

**Concurrence By:**

_______________________________________________

**Supervisory Deportation Officer** **Date**

U.S. Department of Justice
Immigration and Naturalization Service

# Order of Supervision

File No: A76 200 974

This Order of Supervision (OSUP) supersedes the previous OSUP dated August 2, 1999 Date: May 2, 2008

Name: TUMA, Mohammed

on June 11, 1999 , you were ordered:
(Date of final order)

[X] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
[ ] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X ] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[X] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[X ] That you do not travel outside The State of Nebraska for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

[X ] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[X ] That you report in person on the first Wednesday at 9:00am every June and December to this Service office at: 1717 Avenue H Omaha, Nebraska 68110 (402) 536-4861 unless you are granted written permission to report on another date.

[X] That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

[ X ] Other: **That you report telephonically monthly as instructed by your Deportation Officer and in person every six (6) months.**

**[X]** Other: **That you follow procedures established under the INS-Iraqi Settlement Agreement with the exception of Attachment D of the agreement dated June 10, 1999.**

[ X] See attached sheet containing other specified conditions (Continue on separate sheet if required)

(Signature of INS official)

(Print name and title of INS official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

(Signature of INS official serving order) (Signature of alien) Date

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form: **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| TUMA, Mohammed | A76 200 974 | May 2, 2008 |

***Alien's Signature***

(picture)

**Alien's Address**

7621 Bayberry Place
Lincoln, Nebraska 68516
(402) 420-1056

Alien's Telephone Number (if any)

**RIGHT INDEX PRINT**

PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| | | |

| Signature | Title |
|---|---|
| | |

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

**Order of Supervision-Addendum**

Name: TUMA, Mohammed File No: A76 200 974

Date: May 2, 2008

**[X] That you do not associate with individuals known to be involved in criminal activity, or be associated with any such activity.**

**[ ] That you register in a substance abuse program within 14 days and provide the Immigration and Customs Enforcement (ICE) with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.**

**[] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.**

**[] That you register as a sex offender, if applicable, within 10 days of being released, with the appropriate agency(s) and provide the ICE with written proof of such within 10 days.**

**[X] That you do not commit any crimes while on this Order of Supervision.**

**[] That you report to any parole or probation officer as required within 24 hours and provide ICE with written verification of the officers name, address, telephone number, and reporting requirements.**

**[] You must follow all reporting and supervision requirements as mandated by the parole or probation officer.**

**[] That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.**

**[] That you make good faith and timely efforts to obtain a travel document and assist ICE in obtaining a travel document.**

**[] That you submit a complete application for a travel document to all appropriate Embassies or Consulates, including those representing the countries of _____. You must present ICE with evidence that each Embassy or Consulate to which you apply has received your request and all required documents. This may be done, for example, by mailing your application(s) with a request for return receipt and providing the signed return receipt to ICE, by obtaining a tracking number when you mail your application(s) and providing the number to ICE, or by submitting written confirmation of receipt issued by the Embassy or Consulate.**

**[] That you submit your application(s) for a travel document to all appropriate Embassies or Consulates and provide proof of receipt to ICE before.**

**[] That you provide ICE a copy of your application(s) for a travel document that you submit to an Embassy or Consulate, including any supporting documents, photos, and other items provided to the Embassy or Consulate to support your application(s).**

**[] That you provide ICE a copy of all correspondence related to your travel document application(s) that you send to, or receive from, an Embassy or Consulate.**

**[] That you contact the Embassy or Consulate within 21 calendar days of making your application(s) to confirm that the information you provided is sufficient.**

**[] That you comply with any requests from an Embassy or Consulate for an interview and make good faith efforts to submit further documentation if required by the Embassy or Consulate.**

**[] Every time you report in person under this order of supervision, you must inform the local ICE office of all actions that you have taken to obtain a travel document. You must provide any available written documentation to ICE regarding these actions and the status of your travel document application(s).**

**[] That you provide ICE, upon request, with any and all information relevant to application(s)for a travel document. This may include, but is not limited to, providing information regarding your family history, including dates of birth, nationalities, addresses, and phone numbers as requested for such persons in your country of nationality and/or citizenship, or elsewhere, including residences, schools attended, etc.**

**[X] You will participate in a supervised release program, as described in the attached document. You will comply with the rules and requirements of this program and cooperate with its administrators.**

**Any violation of any of the above conditions may result in a fine, more restrictive condition, return to detention, criminal prosecution and/or revocation of your employment authorization document.**

**[X ] Alien's signature ________________________ date ___________________________**

**[X] Other.**
**Any violation of any of the above conditions may result in a fine, more restrictive release conditions, return to detention, criminal prosecution, and/or revocation of your employment authorization document.**

---

**Alien's Acknowledgement of Conditions of Release under an Order of Supervision**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order and addendum, a copy of which has been given to me. I understand that failure to comply with the terms of this order and addendum may subject me to a fine, more restrictive release conditions, detention, criminal prosecution, and/or revocation of my employment authorization document.

| ______________________ | ______________________ | ______________ |
|---|---|---|
| (Signature of INS/ICE official serving order) | (Signature of alien) | (date) |

Please note that all references in this order/addendum to "INS" or "Service" should now be considered to refer to U.S. Immigration and Customs Enforcement (ICE).

Updated 1/26/2005

# Outprocessing Checklist

## Sex Offenders

[ ] Probation/Parole Officer notified.

[ ] Registered as sex-offender as required by state statute within 7 days.

[ ] Victim/Witness Coordinator notified.

[ ] Victim/Witness notified.

[ ] Written Proof of Counseling.

## Substance Abusers

[ ] Probation/Parole Officer notified.

[ ] Written Proof of Counseling.

## All Aliens

[ ] Parole/Probation Officer notified.

[ ] Obtain address where living and telephone number.

[ ] Enter into IDENT

[ ] NCIC check

[ ] Travel document application

**Completed By:**

______________________________________________

**Deportation Officer** **Date**

**Concurrence By:**

______________________________________________

**Supervisory Deportation Officer** **Date**

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
425 I Street, NW, Room 6100
Washington, DC 20536

U.S. Immigration and Customs Enforcement

**VIA COURIER AND EMAIL**
May 14, 2008

Philip L. Bednar
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Re: Adil Hadi Awadh, A76 201 533, Mohammed Jassim Tuma, A76 200 974

Dear Mr. Bednar,

It was a pleasure talking to you on May 12, 2008. I have shared your concerns with my client. Attached are two new Orders of Supervision. These new Orders explicitly state that they supersede all previous Orders of Supervision. They also explicitly state that the provision of the 1999 settlement agreement allowing your clients to ask the INS – now ICE - to reevaluate the status and conditions of their custody statuses and conditions remains in force.

Mr. Awadh and Mr. Tuma should sign these Orders of Supervision and tender them to the ICE offices listed on their respective Orders of Supervision. Once ICE receives the signed Orders, the new conditions will take effect.

Future requests for modification of release conditions should include this correspondence and be sent to:

U.S. Immigration and Customs Enforcement
Office of Detention and Removal/Case Management Unit
Officer William K. Moulton
800 K. Street, N.W. Suite 650
Washington, DC 20536

ICE will provide a copy of this correspondence to the United States District Court for the District of Columbia to be filed in *Awadh, et al. v. Chertoff, et al.*, No. 1:08-cv-00078RMC (D.C., Jan. 15, 2008).

Sincerely,

Javad Khazaeli
Associate Legal Advisor
US Immigration and Customs Enforcement
US Department of Homeland Security

U.S. Department of Justice
Immigration and Naturalization Service

# Order of Supervision

File No: A76 200 974

This Order of Supervision (OSUP) supersedes all previous OSUPs and supervision conditions Date: May 14, 2008

Name: TUMA, Mohammed

on June 11, 1999, you were ordered:
(Date of final order)

[X] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
[ ] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X ] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[X] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[X ] That you do not travel outside The State of Nebraska for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

[X ] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[X ] That you report in person on the first Wednesday at 9:00am every June and December to this Service office at: 1717 Avenue H Omaha, Nebraska 68110 (402) 536-4861 unless you are granted written permission to report on another date.

[X] That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

[ X ] Other: **That you report telephonically monthly as instructed by your Deportation Officer and in person every six (6) months.**

**[X]** Other: **That you follow procedures established under the INS-Iraqi Settlement Agreement with the exception of Paragraphs A-G of Attachment D of the agreement dated June 10, 1999. Paragraph H of Attachment D will remain in force. Future semi-annual reviews should be submitted in writing to:** U.S. Immigration and Customs Enforcement
Office of Detention and Removal/Case Management Unit
Officer William K. Moulton
800 K. Street, N.W. Suite 650
Washington, DC 20536

[ X] See attached sheet containing other specified conditions (Continue on separate sheet if required)

(Signature of INS official)

(Print name and title of INS official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

(Signature of INS official serving order) (Signature of alien) Date

Form I-220B(Rev. 4/1/97)N

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form: **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| TUMA, Mohammed | A76 200 974 | May 2, 2008 |

***Alien's Signature***

(picture)

**Alien's Address**

7621 Bayberry Place
Lincoln, Nebraska 68516
(402) 420-1056

Alien's Telephone Number (if any)

**RIGHT INDEX PRINT**

PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| | | |

Signature

Title

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

## Order of Supervision-Addendum

Name: TUMA, Mohammed

File No: A76 200 974
Date: May 2, 2008

[X] That you do not associate with individuals known to be involved in criminal activity, or be associated with any such activity.

[ ] That you register in a substance abuse program within 14 days and provide the Immigration and Customs Enforcement (ICE) with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.

[] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[] That you register as a sex offender, if applicable, within 10 days of being released, with the appropriate agency(s) and provide the ICE with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Supervision.

[] That you report to any parole or probation officer as required within 24 hours and provide ICE with written verification of the officers name, address, telephone number, and reporting requirements.

[] You must follow all reporting and supervision requirements as mandated by the parole or probation officer.

[] That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.

[] That you make good faith and timely efforts to obtain a travel document and assist ICE in obtaining a travel document.

[] That you submit a complete application for a travel document to all appropriate Embassies or Consulates, including those representing the countries of ______. You must present ICE with evidence that each Embassy or Consulate to which you apply has received your request and all required documents. This may be done, for example, by mailing your application(s) with a request for return receipt and providing the signed return receipt to ICE, by obtaining a tracking number when you mail your application(s) and providing the number to ICE, or by submitting written confirmation of receipt issued by the Embassy or Consulate.

[] That you submit your application(s) for a travel document to all appropriate Embassies or Consulates and provide proof of receipt to ICE before.

[] That you provide ICE a copy of your application(s) for a travel document that you submit to an Embassy or Consulate, including any supporting documents, photos, and other items provided to the Embassy or Consulate to support your application(s).

[] That you provide ICE a copy of all correspondence related to your travel document application(s) that you send to, or receive from, an Embassy or Consulate.

**[] That you contact the Embassy or Consulate within 21 calendar days of making your application(s) to confirm that the information you provided is sufficient.**

**[] That you comply with any requests from an Embassy or Consulate for an interview and make good faith efforts to submit further documentation if required by the Embassy or Consulate.**

**[] Every time you report in person under this order of supervision, you must inform the local ICE office of all actions that you have taken to obtain a travel document. You must provide any available written documentation to ICE regarding these actions and the status of your travel document application(s).**

**[] That you provide ICE, upon request, with any and all information relevant to application(s)for a travel document. This may include, but is not limited to, providing information regarding your family history, including dates of birth, nationalities, addresses, and phone numbers as requested for such persons in your country of nationality and/or citizenship, or elsewhere, including residences, schools attended, etc.**

**[X] You will participate in a supervised release program, as described in the attached document. You will comply with the rules and requirements of this program and cooperate with its administrators.**

**Any violation of any of the above conditions may result in a fine, more restrictive condition, return to detention, criminal prosecution and/or revocation of your employment authorization document.**

**[X ] Alien's signature ______________________ date __________________________**

**[X] Other.**
**Any violation of any of the above conditions may result in a fine, more restrictive release conditions, return to detention, criminal prosecution, and/or revocation of your employment authorization document.**

---

**Alien's Acknowledgement of Conditions of Release under an Order of Supervision**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order and addendum, a copy of which has been given to me. I understand that failure to comply with the terms of this order and addendum may subject me to a fine, more restrictive release conditions, detention, criminal prosecution, and/or revocation of my employment authorization document.

| ______________________________ | ______________________________ | ______________ |
|---|---|---|
| (Signature of INS/ICE official serving order) | (Signature of alien) | (date) |

Please note that all references in this order/addendum to "INS" or "Service" should now be considered to refer to U.S. Immigration and Customs Enforcement (ICE).

Updated 1/26/2005

**U.S. Department of Justice**
Immigration and Naturalization Service

# Order of Supervision

File No: A76 201 533

This Order of Supervision (OSUP) supersedes all previous OSUPs and supervision conditions Date: May 14, 2008

Name: AWADH, Adil Hadi

on June 11, 1999, you were ordered:
(Date of final order)

[X] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
[ ] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X ] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[X] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[X ] That you do not travel outside The State of Virginia for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

[X ] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[X ] That you report in person on the first Wednesday at 9:00am every June and December to this Service office at: 2675 Prosperity Avenue Fairfax, VA 22031 (703) 285-6200 unless you are granted written permission to report on another date.

[X] That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

[ X ] Other: **That you report telephonically monthly as instructed by your Deportation Officer listed above.**

[X] Other: **That you follow procedures established under the INS-Iraqi Settlement Agreement with the exception of Paragraphs A-G of Attachment D of the agreement dated June 10, 1999. Paragraph H of Attachment D will remain in force. Future semi-annual reviews should be submitted in writing to:** U.S. Immigration and Customs Enforcement
Office of Detention and Removal/Case Management Unit
Officer William K. Moulton
800 K. Street, N.W. Suite 650
Washington, DC 20536

[ X] See attached sheet containing other specified conditions (Continue on separate sheet if required)

(Signature of INS official)

(Print name and title of INS official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

(Signature of INS official serving order) (Signature of alien) Date

Form I-220B(Rev. 4/1/97)N

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form: **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| AWADH, Adil Hadi | A76 201 533 | May 2, 2008 |

***Alien's Signature***

(picture)

**Alien's Address**

4741 Thornbury Drive
Fairfax, VA 22030
(703) 825-1787

Alien's Telephone Number (if any)

**RIGHT INDEX PRINT**

PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| | | |

| Signature | Title |
|---|---|
| | |

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

## Order of Supervision-Addendum

Name: AWADH, Adil Hadi

File No: A76 201 533
Date: May 2, 2008

**[X] That you do not associate with individuals known to be involved in criminal activity, or be associated with any such activity.**

**[ ] That you register in a substance abuse program within 14 days and provide the Immigration and Customs Enforcement (ICE) with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.**

**[] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.**

**[] That you register as a sex offender, if applicable, within 10 days of being released, with the appropriate agency(s) and provide the ICE with written proof of such within 10 days.**

**[X] That you do not commit any crimes while on this Order of Supervision.**

**[] That you report to any parole or probation officer as required within 24 hours and provide ICE with written verification of the officers name, address, telephone number, and reporting requirements.**

**[] You must follow all reporting and supervision requirements as mandated by the parole or probation officer.**

**[] That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.**

**[] That you make good faith and timely efforts to obtain a travel document and assist ICE in obtaining a travel document.**

**[] That you submit a complete application for a travel document to all appropriate Embassies or Consulates, including those representing the countries of ______. You must present ICE with evidence that each Embassy or Consulate to which you apply has received your request and all required documents. This may be done, for example, by mailing your application(s) with a request for return receipt and providing the signed return receipt to ICE, by obtaining a tracking number when you mail your application(s) and providing the number to ICE, or by submitting written confirmation of receipt issued by the Embassy or Consulate.**

**[] That you submit your application(s) for a travel document to all appropriate Embassies or Consulates and provide proof of receipt to ICE before.**

**[] That you provide ICE a copy of your application(s) for a travel document that you submit to an Embassy or Consulate, including any supporting documents, photos, and other items provided to the Embassy or Consulate to support your application(s).**

**[] That you provide ICE a copy of all correspondence related to your travel document application(s) that you**

**send to, or receive from, an Embassy or Consulate.**

**[] That you contact the Embassy or Consulate within 21 calendar days of making your application(s) to confirm that the information you provided is sufficient.**

**[] That you comply with any requests from an Embassy or Consulate for an interview and make good faith efforts to submit further documentation if required by the Embassy or Consulate.**

**[] Every time you report in person under this order of supervision, you must inform the local ICE office of all actions that you have taken to obtain a travel document. You must provide any available written documentation to ICE regarding these actions and the status of your travel document application(s).**

**[] That you provide ICE, upon request, with any and all information relevant to application(s)for a travel document. This may include, but is not limited to, providing information regarding your family history, including dates of birth, nationalities, addresses, and phone numbers as requested for such persons in your country of nationality and/or citizenship, or elsewhere, including residences, schools attended, etc.**

**[X] You will participate in a supervised release program, as described in the attached document. You will comply with the rules and requirements of this program and cooperate with its administrators.**

**Any violation of any of the above conditions may result in a fine, more restrictive condition, return to detention, criminal prosecution and/or revocation of your employment authorization document.**

**[X ] Alien's signature __________________________ date ______________________________**

**[X] Other.**
**<u>Any violation of any of the above conditions may result in a fine, more restrictive release conditions, return to detention, criminal prosecution, and/or revocation of your employment authorization document.</u>**

---

**Alien's Acknowledgement of Conditions of Release under an Order of Supervision**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order and addendum, a copy of which has been given to me. I understand that failure to comply with the terms of this order and addendum may subject me to a fine, more restrictive release conditions, detention, criminal prosecution, and/or revocation of my employment authorization document.

______________________________ __________________________ _______________
(Signature of INS/ICE official serving order) (Signature of alien) (date)

Please note that all references in this order/addendum to "INS" or "Service" should now be considered to refer to U.S. Immigration and Customs Enforcement (ICE).

Updated 1/26/2005