UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADIL HADI AWADH, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )   Case No.: 1:08-cv-00078 (RMC) <br> ) |
| MICHAEL CHERTOFF, <br> Secretary, U.S. Department of Homeland Security, *et al.*, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I.     INTRODUCTION**

Defendants Michael Chertoff and Julie L. Myers ("Defendants") have moved to dismiss Plaintiffs Adil Hadi Awadh's and Mohammed Jassim Tuma's ("Plaintiffs") Complaint for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim. Plaintiffs oppose Defendants' motion. The U.S. Department of Homeland Security's ("DHS") recently-issued decision modifying the conditions of Plaintiffs' custody status does not render this case moot because it is an incomplete response to Plaintiffs' requests. Furthermore, the Court has subject-matter jurisdiction over this case through the Administrative Procedure Act ("APA") in conjunction with federal question jurisdiction. Finally, Defendants' contention that Plaintiffs have failed to state a claim is based on an improper reading of the settlement agreement at issue and should be rejected.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In 1996, the United States government evacuated Plaintiffs, both of whom are Iraqi nationals, to the United States.  Compl. ¶ 11.  The Plaintiffs and the legacy Immigration and Naturalization Service ("INS") entered into a settlement agreement on June 9, 1999 ("Settlement Agreement"), which would govern their immigration and custody status.  Compl. ¶ 12.  Under the Settlement Agreement, Plaintiffs were declared inadmissible but would be permitted to reside in the United States under certain conditions and with certain rights waived.  Compl. ¶¶ 13-14.  Some of those rights include asylum relief, withholding of deportation, adjustment of status, "or any other possible relief available under the Constitution and laws of the Untied States."  Memorandum In Support of Defendants' Motion to Dismiss for Lack of Jurisdiction ("Defs.' Mem."), Ex. 1, at p. 4.  Plaintiffs are entitled under the Settlement Agreement to a review of their custody status on a semi-annual basis upon written request.  Compl. ¶ 15.  Plaintiffs are also entitled to a review of rights waived through the Settlement Agreement for possible restoration of those rights.  Compl. ¶ 16.  Therefore, under the Settlement Agreement, Plaintiffs are entitled to make requests in <u>two areas</u> – custody status and restoration of waived rights.

Plaintiff Awadh, through his former counsel, submitted a letter request for review of both custody status and waived rights to the U.S. Department of Homeland Security ("DHS")[1] on November 7, 2003.  Compl. ¶ 18.  Because no response was ever made to this initial request, Plaintiff Awadh through his present counsel submitted another letter request on December 2, 2005.  Compl. ¶ 18.

---

[1] On March 1, 2003, INS ceased to exist, and DHS became the lead federal government agency concerning the implementation of the immigration laws.  Compl. ¶ 17.

Plaintiff Tuma, through his former counsel, submitted a letter request for review of both custody status and waived rights to DHS on May 23, 2003, as well as a supplemental request to DHS on September 10, 2003. Compl. ¶ 19. Because no response was ever made to these requests, Plaintiff Tuma through his present counsel submitted another letter request on December 2, 2005. Compl. ¶ 19.

Defendants do not dispute that in 2003 and 2005, Plaintiffs made requests both for review of their custody status and to restore waived rights. Defs.' Mem. at p. 4.

Plaintiffs' initial requests for review had been pending for more than four years before the Complaint was filed on January 15, 2008. Compl. ¶ 25. As of that date, DHS had yet to inform Plaintiffs or Plaintiffs' counsel that it had reached a decision, or would be reaching a decision by a date certain, on their review requests. Compl. ¶ 22. Nor had DHS explained why it never reached a decision on the 2003 request letters submitted by Plaintiffs' former counsel. Compl. ¶ 23.

On May 7, 2008, the day before Defendants' then-scheduled deadline to respond to the Complaint, DHS issued a revised order ("May 7 Custody Order") modifying the conditions of Plaintiffs' custody status. Defs.' Mem. at p. 4. On May 14, 2008, subsequent to a teleconference between the parties' counsel, DHS issued another revised custody order ("May 14 Custody Order"). Defs.' Mem. at p. 4. Neither the May 7 nor the May 14 Custody Orders mention Plaintiffs' requests to restore rights waived under the Settlement Agreement, nor do they state that such waived rights would be restored or not restored. *See* Defs.' Mem., Exs. 3 and 4.

Plaintiffs have been prejudiced by Defendants' delay, which has prolonged the uncertainty of Plaintiffs' immigration status and has been detrimental to their professional and personal lives. Compl. ¶ 26.

### III. STANDARD OF REVIEW

Defendants filed a motion to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Because Plaintiffs seek to invoke this Court's jurisdiction, they bear the burden of establishing such jurisdiction. *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000). In evaluating the Defendants' Motion, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Id.* The Court may look to materials beyond the pleadings to determine subject-matter jurisdiction, provided it still accepts the factual allegations in the complaint as true. *Jerome Stevens Pharm. v. FDA*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); *Hebert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Bernard v. U.S. Dep't of Defense*, 362 F. Supp. 2d 272, 277 (D.D.C. 2005).

Defendants have also moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Such motions are "generally viewed with disfavor and rarely granted." *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). In evaluating Defendants' Motion, "the factual allegations of the complaint must be taken as true, and any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader." *Id.*

### IV. ARGUMENT

#### A. DHS' Recently-Issued Custody Orders do Not Render this Case Moot.

DHS' May 7 and May 14 Custody Orders do not cause this case to be moot because they fail to address Plaintiffs' requests for restoration of waived rights. A case is not moot if the defendant "has yet to provide at least one form of relief specifically requested by the plaintiff in her complaint." *See Flores ex rel. J.F. v. District of Columbia*, 437 F. Supp. 2d 22, 31 (D.D.C.

2006); *see also Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 66-67 (D.D.C. 2001) (finding case not moot despite intervening event).

Plaintiffs do not dispute that the May 7 and May 14 Custody Orders represent DHS's efforts to respond to Plaintiffs' requests to modify their custody status. As described above and in the Complaint, the Settlement Agreement allows Plaintiffs to request a review of their custody status on a six-month basis. However, neither Custody Order refers in any way to Plaintiffs' requests made in 2003 and 2005 to restore rights waived under the Settlement Agreement, a second form of request specified by the Agreement. Nor do the Custody Orders mention or refer in any way to consideration of, or a decision on, those requests. In sum, the May 7 and May 14 Custody Orders are silent as to anything having to do with restoration of waived rights. By all accounts, Defendants have not issued a decision in response to Plaintiffs' requests to restore waived rights.

The Court should disregard Defendants' argument that the recently-issued Custody Orders "implicitly rejected" Plaintiffs' requests for restoration of waived rights. First, Defendants cite no authority for such a proposition. And second, by making such an argument, Defendants seek a reward for DHS' ambiguity and lack of clarity. Plaintiffs deserve to know in clear terms DHS' decision as to their requests. Otherwise, Plaintiffs would not know whether DHS issued a decision and, if it did issue a decision, what the scope of that decision was. DHS should not be permitted to hide from its responsibilities behind a veil of ambiguity.

Plaintiffs' Complaint is not moot because there is a further judicial function for the Court to perform. *See Flores*, 437 F. Supp. 2d at 32 (in case involving unsatisfied request to government agency, finding case not moot because "the Court may still decide to grant specific relief sought by the plaintiff in her complaint"). As stated above, Defendants have not issued a

decision in response to Plaintiffs' requests to restore rights waived under the Settlement Agreement. Because Plaintiffs' requests remain outstanding, Plaintiffs' Complaint still contains a valid request for relief – that the Court compel DHS to reach a decision on Plaintiffs' requests to restore waived rights.

>    **B.    The APA and 28 U.S.C. § 1331 Create Jurisdiction Over this Matter.**

Subject-matter jurisdiction exists over this action by means of the APA, in conjunction with federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiffs do not dispute that the Settlement Agreement is a form of contract between the legacy INS and Plaintiffs, and that the Agreement contains provisions for Plaintiffs to request periodic reviews of their custody status and a review of waived rights. However, each Plaintiff's request to restore waived rights is essentially the equivalent of an application to adjust status, which is subject to the "unreasonable delay" provisions of the APA.

The APA sets forth requirements for a federal agency to promptly conclude matters presented to it. *See, e.g.*, 8 U.S.C. §§ 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); 706(2) (reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed").

Several courts, including this Court, have held that subject-matter jurisdiction exists over actions filed under the APA in conjunction with federal question jurisdiction for unreasonable delay associated with processing and adjudicating applications to adjust status. *See, e.g.*, *Liu v. Novak*, 509 F. Supp. 2d 1, 8-9 (D.D.C. 2007); *Ren v. Mueller*, No. 6:07-cv-790-Orl-19DAB, 2008 WL 191010, at *9-10 (M.D. Fla. Jan. 22, 2008); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 154-56 (D. Mass. 2007); *Tang v. Chertoff*, No. C 07-0395 JF, 2007 WL 1650938, at *3 (N.D. Cal. June 5, 2007); *Duan v. Zamberry*, Civil No. 06-1351, 2007 WL 626116, at *4 (W.D. Pa.

Feb. 23, 2007); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2005); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 391 (S.D.N.Y. 2004).

Defendants' categorization of Plaintiffs' action as one of mere contract is too narrow. It fails to take into account the overall circumstances here – that Plaintiffs have submitted a request to a federal government agency for it to take action. And as already described, numerous courts have held that subject matter jurisdiction exists under the APA and 28 U.S.C. § 1331 for "unreasonable delay" suits concerning applications to adjust status. Plaintiffs' requests to restore waived rights amount in principle to a request to adjust status. Therefore, this Court should follow the rationale established by *Liu* and other courts that subject-matter jurisdiction exists over actions alleging unreasonable delay in the processing and adjudication of applications to adjust status.

### C. The Tucker Act Does Not Bar Subject-Matter Jurisdiction Here.

Defendants' reliance on the Tucker Act in challenging subject-matter jurisdiction over Plaintiffs' Complaint would be well founded were this an ordinary breach-of-contract action. But it is not. Plaintiffs' requests to restore waived rights are essentially the equivalent of an application to adjust status. And, as already described, several courts have already held that subject-matter jurisdiction exists over proceedings challenging the delay associated with processing and adjudicating those applications. The cases that Defendants cite present circumstances of ordinary breach-of-contract actions and not matters presented to a federal agency for its review, as is the case here. Moreover, not every "reference to or incorporation of a contract is necessarily on the contract and therefore directly within the Tucker Act." *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967-68 (D.C. Cir. 1982). Therefore, the Court should treat the present circumstances as substantively the same as an application to adjust status and hold that subject-matter jurisdiction exists over this case.

### D. The Settlement Agreement's Judicial Review Waiver Provision Does Not Apply to Delays in Reaching a Decision.

Defendants place undue reliance on a Settlement Agreement provision that waives judicial review of the Attorney General's "consideration of" a request to restore waived rights. Plaintiffs concede that, should DHS reach an actual decision on their requests to restore waived rights (which has not occurred yet), they could not challenge that decision through the courts because of the Settlement Agreement's judicial review waiver provision. But Defendants attempt to make a substantial leap by arguing that "consideration of" such a decision would also include the amount of time passed in reaching the decision. Under this line of reasoning, Defendants could delay reaching a decision for decades under the rationale that it has been "considering" Plaintiffs' request to restore waived rights and then hide behind the Settlement Agreement's judicial review waiver provision. Surely this is not what the parties intended when they drafted the Agreement. Nor should the government be permitted to take a course of action that could lead to abuse by unreasonably prolonging the decision process.

Several courts, including this Court, have rejected the government's similar approach in APA "unreasonable delay" cases involving applications to adjust status. Those cases involve a federal statute which states that courts lack jurisdiction to review certain discretionary, immigration-related "decision[s] or action[s] of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Several courts have rejected the government's argument that, because the word "action" includes the length of time involved in reaching a decision, no jurisdiction exists over "unreasonable delay" claims under the APA. *See, e.g.*, *Liu v. Novak*, 509 F. Supp. 2d 1, 5-7 (D.D.C. 2007); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 741-42 (E.D. Va. 2008); *Duan v. Zamberry*, Civil Action No. 06-1351, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007). Those courts were concerned that the government's interpretation

8

of the word "action" would lead to unlimited delay and possible abuse. *See, e.g.*, *Aslam*, 531 F. Supp. 2d at 741; *Duan*, 2007 WL 626116, at *3. Given the similarities between the word "action" in 8 U.S.C. § 1252(a)(2)(B)(ii) and the phrase "consideration of" in the Settlement Agreement, this Court should adopt the policy rationales stated by the *Aslam* and *Duan* courts and reject Defendants' reading of the Settlement Agreement language.

### V. CONCLUSION

For all the reasons previously stated, the Court should deny the Defendants' Motion to Dismiss.

Dated: May 27, 2008                    Respectfully submitted,

    /s/ Philip L. Bednar
Lynda S. Zengerle, Esquire (D.C. Bar No. 163360)
Philip L. Bednar, Esquire (D.C. Bar No. 493477)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
Email: lzengerle@steptoe.com
       pbednar@steptoe.com

Attorneys for Plaintiffs Adil Hadi Awadh and Mohammed Jassim Tuma

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADIL HADI AWADH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:08-cv-00078 (RMC) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary, U.S. Department of Homeland ) | |
| Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of

_____, 2008,

ORDERED that Defendants' Motion to Dismiss be and hereby is DENIED.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE