# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ | ) |
| ADIL HADI AWADH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case Number:  1:08CV0078(RMC) |
| | ) |
| MICHAEL CHERTOFF, Secretary, United States | ) |
| Department of Homeland Security,  et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONT TO DISMISS

Plaintiffs are Iraqi nationals who have requested that United States Immigration and Customs Enforcement ("ICE") modify the terms of a 1999 settlement agreement which resolved proceedings to exclude them from the United States, and establishes the terms of Plaintiffs' continued presence in the United States.  Their complaint alleges that Defendants have unreasonably delayed their review of Plaintiffs' most recent requests for modification of those terms.  ICE issued letters responding to Plaintiffs' requests on May 7, and May 14, 2008, and subsequently moved to dismiss this complaint.

This case should be dismissed for lack of jurisdiction and failure to state a claim, for the reasons set forth in Defendants' motion to dismiss.  There is no live controversy because the May 7, and May 14, 2008 letters responded to the requests referenced in the complaint.  Moreover, even if the dispute remained live, the Tucker Act would deprive this Court of jurisdiction to review Plaintiffs' assertion that Defendants have failed to comply with the terms of the settlement agreement.  Finally, Plaintiffs cannot state a claim for unreasonable delay because the settlement

agreement expressly waives review of Defendants' consideration of requests for review of their

waived rights, as well as the decisions which result from that consideration.

**I.      THIS CASE IS MOOT BECAUSE ICE HAS RESPONDED TO PLAINTIFFS' REQUESTS.**

ICE's May 7, and May 14 response to Plaintiffs' requests to modify the conditions

imposed by the settlement agreement rendered this case moot.  As explained in Defendants'

Motion to Dismiss, ICE modified the custody conditions, but neither eliminated nor altered the

settlement agreement terms which waived certain of Plaintiffs' rights.  See Dkt. Entry 11

("MTD") at 7-8 & Exhs. 3-4.  Given that the complaint seeks an order compelling Defendants to

issue a decision on the then-pending requests, ICE's responses eliminated any live controversy

which may have previously existed.

In their opposition brief, Plaintiffs assert that the letters in which they requested a

modification of the settlement conditions should be construed as including two separate requests

for agency action — a request for modification of custody status and a request for restoration of

waived rights.  Plaintiffs contend that ICE has not yet responded to the latter request.  That theory

does not cure the mootness problem.

Even if one accepts Plaintiffs' distinction between the relief sought in their letters, there

can be no dispute that at least a portion of their complaint has become moot.  The text of the May

7, and May 14, 2008 responses from ICE expressly addressed and modified the conditions the

settlement agreement placed upon Plaintiffs' custody status.  Therefore, the claims in which

Plaintiffs allege that ICE has unreasonably delayed its review of the custody status conditions are

plainly moot.

Further, a comparison of the ICE responses and Plaintiffs' requests demonstrates that the entire case is moot.  Although Plaintiffs now wish to segregate the request for review of waived rights and custody status, they addressed both issues in the same letters.  <u>See</u> Compl. ¶ 18 (alleging Awadh's request for review of custody status and waived rights was contained in "a letter" dated November 7, 2003 and "<u>an</u> additional letter" dated December 2, 2005); <u>id.</u> ¶ 19 (alleging Tuma's request for review of custody status and waived rights was contained in "a letter" dated May 23, 2003 and "a supplemental request" dated September 10, 2003).  For example, the May 23, 2003 letter seeks waiver of the provisions precluding Tuma from obtaining asylum, and, alternatively, a modification of the geographic and call-in requirements.  <u>See</u> Exh. 1, Letter from Charles Breckenridge to Mark Wallace, dated May 23 2003.  The ICE response referenced Plaintiffs' "requests for changes in their release conditions," and did not purport to limit itself to the portion of those requests concerning Plaintiffs' custody status.  <u>See</u> MTD at Exh. 3.

To be sure, the ICE responses do not use the term "waived rights," and do not contain a sentence stating that the waived rights will remain the same.  However, there is no reason to infer that this leaves a portion of Plaintiffs' requests un-answered.  Instead, the fact that the ICE response modifies only the conditions set forth in Attachment D of the settlement agreement should be read as an implicit rejection of the requests for modification of the rights Plaintiffs waived in other portions of the settlement agreement.

II.    **THE COURT WOULD LACK JURISDICTION EVEN IF THE CASE WERE NOT MOOT.**

The nature of Plaintiffs' claims also precludes Plaintiffs from establishing subject matter jurisdiction in this Court.  It is well settled that a suit which seeks to compel a federal agency to comply with the terms of a settlement agreement must be construed as a contract claim for jurisdictional purposes.  See e.g., Hansson v. Norton, 411 F. 3d 231, 234 (D.C. Cir. 2005); Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004); Shaffer v. Veneman, 325 F.3d 370, 372 (D.C. Cir. 2003).  A plaintiff's allegation that the federal agency has acted unreasonably or unlawfully in failing to comply with the agreement's terms does not transform the suit into one that may be heard under the Administrative Procedure Act.  See Miami Tribe of Oklahoma v. United States, 2006 WL 2392194, at *4 (10th Cir. Aug. 21, 2006) (rejecting tribe's attempt to invoke APA and mandamus jurisdiction in claim alleging that Department of Interior's refusal to permit gaming operations violated prior stipulation).  To the contrary, the Tucker Act "impliedly forbids" the exercise of APA jurisdiction.  Transohio Savs. Bank v. Dir., Office of Thrift Supervision, 967 F.2d 598, 609 (D.C. Cir. 1992).

Plaintiffs' conclusory assertion that this is not a straightforward contract dispute does not remove this case from the scope of the Tucker Act.  The complaint repeatedly references the settlement agreement as the source of Plaintiffs' alleged right to have Defendants review Plaintiffs' requests for relief from the settlement agreement.  See, e.g., Compl. ¶ 1 (alleging unreasonable delay in reviewing "requests for review of [Plaintiffs'] custody status and waived rights, pursuant to the terms of a settlement agreement"); id. ¶ 3 (alleging that Plaintiffs are entitled to review of their requests "pursuant to the Settlement Agreement").  Plaintiffs have not

identified any provision of the Immigration and Nationality Act, or any other statute, which permits similarly situated aliens to petition ICE or any other DHS agency to review stipulated restrictions upon their presence in the United States, and Defendants are aware of none. Therefore, this is a case seeking to enforce the terms of a settlement agreement. Under D.C. Circuit law, such cases are contract cases governed by the Tucker Act. <u>See</u> <u>Shaffer</u>, 325 F.3d at 372; <u>Brown</u>, 329 F.3d at 1297.

Plaintiffs' attempt to characterize their requests as applications for adjustment of status fares no better. The letters bear no semblance to an application for adjustment of status. Such applications are submitted to United States Citizenship and Immigration Services, and are not within the jurisdiction of ICE. <u>See</u> Exh. 2 (instructions for submitting adjustment of status application). Further, adjustment of status requests must be submitted on a form I-485. <u>See</u> Exh. 3 (Form I-485 adjustment of status application). A successful adjustment of status applicant obtains a green card, which permits him or her to be a permanent resident of the United States. <u>See</u> <u>Yu v. Chertoff</u>, 2008 WL 413269, at *2 (S.D. Cal. Feb. 12, 2008). Plaintiffs' letters are several steps removed from an adjustment of status application, as they seek release from the settlement agreement terms which <u>prohibit</u> them from submitting such an application, and from obtaining the status (such as asylum or a visa) on which an adjustment of status application may be premised. <u>See</u> Exh. 1; Settlement Agreement § VII(A) (Exh.1 to MTD) ("Applicants knowingly and voluntarily agree to waive . . . any right to any claim for relief from these Orders of Exclusion for which they might be eligible, including, but not limited to, asylum, withholding of deportation, <u>adjustment of status</u>."); <u>see generally</u> 8 U.S.C. § 1159(b) (permitting USCIS to

adjust asylees' status to that of a permanent lawful resident); id. § 1255(a) (permitting USCIS to adjust aliens' status to that of a lawful permanent resident if a visa is available to the alien).

In any event, federal courts lack jurisdiction to review the pace at which USCIS completes its review of an adjustment of status application. District Judges Bates, Leon, and numerous judges in other districts have dismissed similar complaints for lack of jurisdiction, reasoning that Congress has not authorized federal district courts to intervene in the adjudicative process and determine how much time USCIS should devote to assessing whether it should exercise its discretion to grant an alien permanent residency. See Orlov v. Howard, 523 F. Supp. 2d 30 (D.D.C. 2007); Luo v. Keisler, 521 F. Supp. 2d 72 (D.D.C. 2007); Wang v. Chertoff, 2007 WL 4139475, at *5 (N.D. Ga. Oct. 30, 2007) (noting that its holding was in line with the majority of district courts); Grinberg v. Swacina, 478 F. Supp. 2d 1350 (S.D. Fla. 2007); Wang, 2007 WL 4139475, at *5 (dismissing for lack of jurisdiction and citing cases from other districts reaching the same conclusion); Safadi v. Howard, 466 F. Supp. 2d 696 (E.D.V.A. 2006); MTD at 8-12 (analyzing statutory language and citing cases from other districts). Those opinions rely principally upon 8 U.S.C. § 1252(a)(2)(B)(ii), which forecloses district court review of any discretionary action or decision made by DHS or the Attorney General pursuant to the Immigration and Nationality Act. The precedent cited by Plaintiffs reflects the minority view among judges in this Court which have reviewed this jurisdictional question, and misinterprets Section 1252(a)(2)(B)(ii).

**III.    PLAINTIFFS' WAIVER OF THE RIGHT TO CHALLENGE DEFENDANTS' CONSIDERATION OF REQUESTS TO ADJUST WAIVED RIGHTS PRECLUDES THEM FROM STATING A CLAIM FOR UNREASONABLE DELAY IN ADJUDICATING THAT REQUEST.**

Finally, the plain language of the settlement agreement precludes Plaintiffs from challenging the speed at which ICE completes its review of any request for restoration of waived rights.  The agreement expressly bars "any review, administrative or judicial, of the Attorney General's consideration of or decision relating to any request to restore rights waived by this Agreement."[1]  Settlement Agreement § VII-A.  Plaintiffs' suggestion that this only encompasses the final decision conflicts with the plain language of the waiver provision, and would render the phrase "consideration of" superfluous.  In ordinary parlance, "consideration" would include the entire deliberative process.  The complaint alleges that Defendants are taking too long to complete that process, and should have completed that 'consideration' by this time.  It is difficult to conceive of a definition of "consideration" that would exclude the aspects of the deliberative process that Plaintiffs have challenged.  Notably, Plaintiffs have offered no such definition in their opposition brief, instead choosing to focus on the meaning of "action," which is an entirely different word.[2]

_____

[1] While Plaintiffs may be dissatisfied with the results of ICE's adjudication of their respective requests for review, the Settlement Agreement's waiver provisions clearly bar Plaintiffs from challenging ICE's substantive ruling in this litigation or any other court.  See Settlement Agreement §§ VI, VIII-A.

[2] Plaintiffs' interpretation of the word "action" is also incorrect, and conflicts with that term's ordinary meaning and its usage in the APA.  See Orlov, 523 F. Supp. 2d at 35 (discussing proper definition of "action"); Grinberg, 478 F. Supp. 2d at 1352 (same).

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendants' motion to dismiss, the Court

should GRANT the motion to dismiss.

Dated: June 6, 2008                                  Respectfully submitted,

                                                   /s/
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney

                                                 /s/
                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                       Assistant United States Attorney

                                         /s/ Robin M. Meriweather
                                       ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                       Assistant United States Attorney
                                       555 Fourth St., N.W.
                                       Washington, D.C.  20530
                                       Phone: (202) 514-7198  Fax: (202) 514-8780
                                       Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Javad Khazaeli
Associate Legal Advisor
U.S. Immigration and Customs Enforcement

# SHEA & GARDNER

## 1800 MASSACHUSETTS AVENUE, N.W.

### WASHINGTON, D.C. 20036-1872

(202) 828-2000
FAX: (202) 828-2195

| | | | |
|---|---|---|---|
| ROBERT T. BASSECHES | WILLIAM R. HANLON | MATTHEW M. HOFFMAN | JOHN T. DEVLIN |
| BENJAMIN W. BOLEY | ELIZABETH RUNYAN GEISE | JAMES CHAD OPPENHEIMER | CHARLES D. BRECKINRIDGE |
| RALPH J. MOORE, JR. | LAURA S. WERTHEIMER | JILL ILAN INBAR | FRANK R. WRIGHT |
| MARTIN J. FLYNN | RICHARD M. WYNER | ADAM M. CHUD | KATHRYN D. RATTÉ |
| STEPHEN J. POLLAK | LAURENCE S. KIRSCH | RICHARD L. MATHENY III | DAVID M. BOOTH |
| DAVID BOOTH BEERS | MICHELE A. ROBERTS | REBECCA E. RAPP | CHRISTOPHER P. NIERMAN |
| JOHN D. ALDOCK | THOMAS J. MIKULA | BRIAN J. EGAN | WILLIAM W. BERRY III |
| WILLIAM S. MOORE | NANCY B. STONE | DAVID P. HUITEMA | WILLIAM R. KIRSCHNER |
| JOHN TOWNSEND RICH | CHRISTOPHER E. PALMER | AUSTIN D. GERKEN, JR. | JEFFREY D. FOX |
| JAMES R. BIEKE | MARK S. RAFFMAN | RACHEL S. SHAPIRO | JULIE S. LEHRMAN |
| WILLIAM F. SHEEHAN | VALERIE E. ROSS | | |
| FREDERICK C. SCHAFRICK | MICHAEL K. ISENMAN | SENIOR COUNSEL | |
| DAVID B. COOK | JOHN MOUSTAKAS | LAWRENCE J. LATTO | |
| PATRICK M. HANLON | HEATHER H. ANDERSON | OF COUNSEL | |
| TIMOTHY K. SHUBA | REENA N. GLAZER | RICHARD T. CONWAY | COLLETTE C. GOODMAN |
| MICHAEL S. GIANNOTTO | HOWARD R. RUBIN | ANTHONY A. LAPHAM | ERIC C. JEFFREY |
| JEFFREY C. MARTIN | DONALD J. MUNRO | FRANKLIN D. KRAMER | PAUL R. FRIEDMAN |

FRANCIS M. SHEA (1905-1989)
WARNER W. GARDNER (1909-2003)

May 23, 2003

Mark Wallace, Esq.
General Counsel
Bureau of Immigration and Customs Enforcement
Department of Homeland Security
425 Eye Street, NW
Washington, DC  20535

Re:    Mohammed Jassim Tuma, A 76-200-974
       <u>Request for Modification of Special Settlement Agreement with INS</u>

Dear Mr. Wallace:

I am writing on behalf of Mohammed Jassim Tuma, A 76-200-974, to request that you grant him asylum, or, alternatively, that you modify the terms of his June 9, 1999 special settlement agreement with the INS.[1/] A copy of that agreement is attached at Tab A.

Mr. Tuma has been a law-abiding resident of Lincoln, Nebraska for nearly four years. He first came to this country in 1996 when the United States evacuated Iraqi freedom fighters from Northern Iraq. Along with several other members of the Iraqi resistance, Mr. Tuma was jailed as soon as he arrived, ostensibly for reasons of national security. The previous administration held

---

[1/]   Under that agreement, the Attorney General was empowered to restore any rights that Mr. Tuma waived. (See Tab A, Section VIII(A).) Additionally, Attachment D to the agreement provides that, upon Mr. Tuma's written request, "the INS will reevaluate the status and conditions of [his] custody status." (See Tab A, Attachment D, Para. H.) In light of the formation of the Department of Homeland Security and the reorganization of the Bureau of Immigration and Customs Enforcement, I have addressed this request to you.

Mark Wallace, Esq.
May 23, 2003
Page 2 of 3

Mr. Tuma and the others for nearly three years while refusing steadfastly to disclose its reasons for imprisoning them. After years of detention and separation from their wives and children, Mr. Tuma and four others signed the 1999 settlement agreement with the INS in order to end their indefinite confinement and rejoin their families. A sixth member of the Iraqi resistance signed later, and a seventh stayed in confinement in order to challenge the INS's secret case against him. On June 21, 2000, an Immigration Judge exonerated the seventh man of the INS's secret charges, and granted him asylum.

In its current form, that settlement agreement imposes severe restrictions on Mr. Tuma. Among other things, it prohibits him from seeking asylum through the courts, and it exposes him to summary deportation on two weeks' notice. Moreover, Attachment D to the agreement bars Mr. Tuma from leaving "the physical confines of Lancaster County, Nebraska" at any time, and it obligates him to check in with the BICE Chicago Command Center every day. (See Tab A, Attachment D, Paras. A & D.)

Apparently, Mr. Tuma has been labeled a threat to national security because he once served in the Iraqi army. As subsequent events make clear, however, Mr. Tuma's one-time service in the conscript army of the defeated Iraqi regime does not justify the restrictions imposed on him. Notably, after his service in the Iraqi military, Mr. Tuma joined the Iraqi opposition. Indeed, it is his participation in the opposition that led to his evacuation to the United States. Since coming to the United States, he has publicly denounced the regime of Saddam Hussein on national television.

Moreover, since his conditional release from INS detention in 1999, Mr. Tuma has been a productive resident of Lincoln, Nebraska. And, notwithstanding the severity of its restrictions, he has complied with the terms of the 1999 settlement agreement. Accolades and letters of commendation applauding Mr. Tuma's work ethic and community involvement are attached at Tab B. In recent months, Mr. Tuma has taken steps toward fulfilling a very American dream. He has opened his own business – a beauty salon called Mon Amour.

In light of Mr. Tuma's laudable record of compliance and his successful efforts to lead a productive, community-focused life in Lincoln, I ask that you review his case – especially the dubious evidence against him – and grant him asylum.

In the event that you decline to grant him asylum, Mr. Tuma requests modification of the June 9, 1999 settlement agreement with the INS. On October 16, 2000, this firm submitted a request for modification on behalf of each of the six men subject to the settlement agreement. In a January 23, 2001 response (attached at Tab C), Bo Cooper, the General Counsel of the INS at the time, agreed to adjust some of the restrictions placed on five of the men. Among other things, INS waived the requirement that the men remain in Lancaster County, and it reduced the frequency with which they were required to contact the Chicago Command Center. Without explanation, however, the INS declined to modify the restrictions on Mr. Tuma, stating only that the decision was "based on a review of the totality of the evidence in that case." (See second page of Tab C.)

Mark Wallace, Esq.
May 23, 2003
Page 3 of 3

As explained above, Mr. Tuma does not present a threat to national security. Accordingly, in the event that you do not grant him asylum, I request on his behalf that you modify the terms of the settlement agreement as follows. First, I ask that you waive the requirement that Mr. Tuma remain at all times "within the physical confines of Lancaster County, Nebraska." (See Tab A, Attachment D, Para. A.) Second, I ask that you waive the requirement that Mr. Tuma call the Chicago Command Center daily, and instead require him only to check in with his Omaha-based deportation officer in person or by telephone once every three months. (See Tab A, Attachment D, Para. D.)

If I can provide you with any other information in support of this request, please let me know. Thank you very much for your consideration.

Sincerely,

Charles Breckinridge

Attachments

cc:    Tami Nelson
       Deportation Officer
       Bureau of Immigration and Customs Enforcement
       Department of Homeland Security
       3736 South 132nd Street
       Omaha, NE  68144

       Niels Frenzen
       University of Southern California Law School
       699 Exposition Blvd.
       Los Angeles, CA   90089-0071

       Mohammed Jassim Tuma
       7621 Bayberry Place
       Lincoln, NE   68516

OMB No. 1615-0023; Expires 09/30/08

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Instructions for I-485, Application to Register Permanent Residence or Adjust Status

---

## Updated filing Address Information

The filing addresses provided on this form reflect the most current information as of the date this form was last printed. If you are filing Form I-485 more than 30 days after the latest edition date shown in the lower right-hand corner, please visit our website at **www.uscis.gov** before you file, and check the Forms and Fees page to confirm the correct filing address and version currently in use. Check the edition date located at the lower right-hand corner of the form. If the edition date on your Form I-485 matches the edition date listed for Form I-485 on the online Forms and Fees page, your version is current and will be accepted by USCIS. If the edition date on the online version is later, download a copy and use the online version. If you do not have Internet access, call the National Customer Service Center at **1-800-375-5283** to verify the current filing address and edition date. **Improperly filed forms will be rejected, and the fee returned with instructions to resubmit the entire filing using the current form instructions.**

---

## What Is the Purpose of This Form?

This form is used by a person who is in the United States to apply to U.S. Citizenship and Immigration Services (USCIS) to adjust to permanent resident status or register for permanent residence.

This form may also be used by certain Cuban nationals to request a change in the date that their permanent residence began.

## Who May File This Form I-485?

**1. Based on an immigrant petition.**

You may apply to adjust your status if:

    **A.** An immigrant visa number is immediately available to you based on an approved immigrant petition; or

    **B.** You are filing this application with a completed relative petition, special immigrant juvenile petition, or special immigrant military petition which, if approved, would make an immigrant visa number immediately available to you.

**2. Based on being the spouse or child (derivative) - at the time another adjustment applicant (principal) files to adjust status or at the time a person is granted permanent resident status in an immigrant category that allows derivative status for spouses and children.**

    **A. If the spouse or child is in the United States,** the individual derivatives may file their Form I-485 adjustment-of-status applications concurrently with the Form I-485 for the principal applicant, or file the Form I-485 at anytime after the principal is approved, if a visa number is available.

    **B. If the spouse or child is residing abroad,** the person adjusting status in the United States should file the **Form I-824, Application for Action on an Approved Application or Petition, concurrently** with the principal's adjustment of status application to allow the derivatives to immigrate to the United States without delay if the principal's adjustment-of-status application is approved. **The fee submitted with the Form I-824 will not be refunded if the principal's adjustment is not granted.**

**3. Based on admission as the fiancé(e) of a U.S. citizen and subsequent marriage to that citizen.**

    **A.** You may apply to adjust status if you were admitted to the United States as the K-1 fiancé(e) of a U.S. citizen and you married that citizen within 90 days of your entry.

    **B.** If you were admitted as the K-2 child of such a fiancé(e), you may apply to adjust status based on your parent's adjustment application.

**4. Based on asylum status.**

    You may apply to adjust status after you have been granted asylum in the United States if you have been physically present in the United States for one year after the grant of asylum, provided you still qualify as an asylee or as the spouse or child of a refugee.

**5. Based on refugee status.**

    You may apply to adjust status after you have been admitted as a refugee and have been physically present in the United States for one year following your admission, provided that your status has not been terminated.

**6. Based on Cuban citizenship or nationality.**

    You may apply to adjust status if:

    **A.** You are a native or citizen of Cuba, were admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year; or

**B.** You are the spouse or unmarried child of a Cuban described above and regardless of your nationality, you were admitted or paroled after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

**7. Applying to change the date on which your permanent residence began.**

If you were granted permanent residence in the United States prior to November 6, 1966, and are a native or citizen of Cuba, or you are the spouse or unmarried child of such an individual, you may ask to change the date your lawful permanent residence began to your date of arrival in the United States or May 2, 1964, whichever is later.

**8. Based on continuous residence since before January 1, 1972.**

You may apply for permanent residence if you have continuously resided in the United States since before January 1, 1972. This is known as "Registry."

**9. Other basis of eligibility.**

If you are not included in the above categories, but believe you may be eligible for adjustment or creation of record of permanent residence, contact our National Customer Service Center at **1-800-375-5283** for information on how to use the Internet to make an application at your local USCIS office.

**10. Who Is Not Eligible to Adjust Status.**

Unless you are applying for creation of record based on continuous residence since before January 1, 1972, or adjustment of status under a category in which special rules apply (such as 245(i) adjustment, asylum adjustment, Cuban adjustment, special immigrant juvenile adjustment, or special immigrant military personnel adjustment), **you are not eligible for adjustment of status if any of the following apply to you:**

**A.** You entered the United States in transit without a visa;

**B.** You entered the United States as a nonimmigrant crewman;

**C.** You were not admitted or paroled following inspection by an immigration officer;

**D.** Your authorized stay expired before you filed this application;

**E.** You were employed in the United States without USCIS authorization prior to filing this application;

**F.** You failed to maintain your nonimmigrant status, other than through no fault of your own or for technical reasons; unless you are applying because you are:

**1.** An immediate relative of a U.S. citizen (parent, spouse, widow, widower, or unmarried child under 21 years old);

**2.** A K-1 fiancé(e) or a K-2 fiancé(e) dependent who married the U.S. petitioner within 90 days of admission; or

**3.** An H or I nonimmigrant or special immigrant (foreign medical graduates, international organization employees, or their derivative family members);

**7.** You were admitted as a K-1 fiancé(e), but did not marry the U.S. citizen who filed the petition for you, or you were admitted as the K-2 child of a fiancé(e) and your parent did not marry the U.S. citizen who filed the petition;

**8.** You are or were a J-1 or J-2 exchange visitor and are subject to the two-year foreign residence requirement and you have not complied with or been granted a waiver of the requirement;

**9.** You have A, E, or G nonimmigrant status or have an occupation that would allow you to have this status, unless you complete Form I-508 (I-508F for French nationals) to waive diplomatic rights, privileges, and immunities and, if you are an A or G nonimmigrant, unless you submit a completed Form I-566;

**10.** You were admitted to Guam as a visitor under the Guam visa waiver program;

**11.** You were admitted to the United States as a visitor under the Visa Waiver Program, unless you are applying because you are an immediate relative of a U.S. citizen (parent, spouse, widow, widower, or unmarried child under 21 years old); or

**12.** You are already a conditional permanent resident.

## General Instructions

### Fill Out Form I-485

**1.** Type or print legibly in black ink.

**2.** If extra space is needed to complete any item, attach a continuation sheet, indicate the item number, and date and sign each sheet.

**3.** Answer all questions fully and accurately. State that an item is not applicable with "N/A." If the answer is none, write "none."

**4.** You must file your application with the required **Initial Evidence** described below. Your application must be properly signed and filed with the correct fee. If you are under 14 years of age, your parent or guardian may sign your application.

*Translations*. Any document containing foreign language submitted to USCIS shall be accompanied by a full English language translation which the translator has certified as complete and accurate, and by the translator's certification that he or she is competent to translate from the foreign language into English.

*Copies*. Unless specifically required that an original document be filed with an application or petition, an ordinary legible photocopy may be submitted. Original documents submitted when not required will remain a part of the record, even if the submission was not required.

**Initial Evidence.**

You must file your application with the following evidence:

1. **Criminal history.**

    A. If you have ever been arrested or detained by any law enforcement officer for any reason, and no charges were filed, submit:

       An original official statement by the arresting agency or applicable court order confirming that no charges were filed.

    B. If you have ever been arrested or detained by any law enforcement officer for any reason, and charges were filed, or if charges were filed against you without an arrest, submit:

       An original or court-certified copy of the complete arrest record and/or disposition for each incident (e.g., dismissal order, conviction record, **or** acquittal order).

    C. If you have ever been convicted or placed in an alternative sentencing program or rehabilitative program (such as a drug treatment or community service program), submit:

       1. An original or court-certified copy of the sentencing record for each incident, **and**

       2. Evidence that you completed your sentence, specifically:

          a. An original or certified copy of your probation or parole record, or

          b. Evidence that you completed an alternative sentencing program or rehabilitative program.

    D. If you have ever had any arrest or conviction vacated, set aside, sealed, expunged, or otherwise removed from your record, submit:

       1. An original or court-certified copy of the court order vacating, setting aside, sealing, expunging, or otherwise removing the arrest or conviction, **or**

       2. An original statement from the court that no record exists of your arrest or conviction.

**NOTE that unless a traffic incident was alcohol or drug-related, you do not need to submit documentation for traffic fines and incidents that did not involve an actual arrest if the only penalty was a fine of less than $500 and/or points on your driver's license.**

2. **Birth certificate.**

    Submit a copy of your foreign birth certificate or other record of your birth that meets the provisions of secondary evidence found in Title 8, Code of Federal Regulations (CFR), 103.2(b)(2).

3. **Copy of passport page with nonimmigrant visa.**

    If you have obtained a nonimmigrant visa(s) from a U.S. Embassy or consulate abroad within the last year, submit a photocopy(ies) of the page(s) of your passport containing the visa(s).

4. **Photos.**

    You **must** submit two identical color photographs of yourself taken within 30 days of the filing of this application. The photos must have a white to off-white background, be printed on thin paper with a glossy finish, and be unmounted and unretouched.

    Passport-style photos must be 2" x 2." The photos must be in color with full face, frontal view on a white to off-white background. Head height should measure 1" to 1 3/8" from top of hair to bottom of chin, and eye height is between 1 1/8" to 1 3/8" from bottom of photo. Your head must be bare unless you are wearing a headdress as required by a religious order of which you are a member. Using pencil or felt pen, lightly print your name and Alien Receipt Number on the back of the photo.

5. **Biometric services.**

    If you are between the ages of 14 and 79, you must be fingerprinted as part of the USCIS biometric services requirement. After you have filed this application, USCIS will notify you in writing of the time and location where you must go to be fingerprinted. If necessary, USCIS may also take your photograph and signature. Failure to appear to be fingerprinted or for other biometric services may result in a denial of your application.

6. **Police clearances.**

    If you are filing for adjustment of status as a member of a special class described in an I-485 supplement form, please read the instructions on the supplement form to see if you need to obtain and submit police clearances, in addition to the required fingerprints, with your application.

7. **Medical examination.**

When required, submit a medical examination report on the form you have obtained from USCIS.

   A. **Individuals applying for adjustment of status through a USCIS Service Center.**

      1. **General:**
         If you are filing your adjustment-of-status application with a USCIS Service Center, include your medical examination report with the application, unless you are a refugee.

      2. **Refugees:**
         If you are applying for adjustment of status one year after you were admitted as a refugee, you only need to submit a vaccination supplement with your adjustment-of-status application, not the entire medical report, **unless** there were medical grounds of inadmissibility that arose during the initial examination that you had overseas.

   B. **Individuals applying for adjustment of status through a local USCIS office.**

      If you are filing your adjustment-of-status application with a local USCIS office, include your medical examination report with the application.

8. **Fiancé(e)s.**

   If you are a K-1 fiancé(e) or K-2 dependent who had a medical examination within the past year as required for the nonimmigrant fiancé(e) visa, you only need to submit a vaccination supplement, not the entire medical report. You may include the vaccination supplement with your adjustment-of-status application.

9. **Persons not required to have a medical examination.**

   The medical report is not required if you are applying for creation of a record for admission as a lawful permanent resident under section 249 of the INA as someone who has continuously resided in the United States since January 1, 1972 (registry applicant).

13. **Form G-325A, Biographic Information Sheet.**

   You must submit a completed Form G-325A if you are between 14 and 79 years of age.

14. **Affidavit of Support/Employment Letter.**

   A. **Affidavit of Support.**

      Submit an Affidavit of Support (Form I-864) if your adjustment-of-status application is based on your entry as a fiancé(e), a relative visa petition (Form I-130) filed by your relative, or an employment-based visa petition (Form I-140) related to a business that is five percent or more owned by your family.

   B. **Employment Letter.**

      If your adjustment-of-status application is related to an employment-based visa petition (Form I-140), you must submit a letter on the letterhead of the petitioning employer which confirms that the job on which the visa petition is based is still available to you. The letter must also state the salary that will be paid.

   **NOTE:** The affidavit of support and/or employment letter are not required if you are applying for creation of a record based on continuous residence since before January 1, 1972, asylum or refugee adjustment, or a Cuban citizen or a spouse or unmarried child of a Cuban citizen who was admitted after January 1, 1959.

15. **Evidence of eligibility.**

   A. **Based on an immigrant petition.**

      Attach a copy of the approval notice for an immigrant petition that makes a visa number immediately available to you, or submit a complete relative, special immigrant juvenile, or special immigrant military petition that, if approved, will make a visa number immediately available to you.

   B. **Based on admission as the K-1 fiancé(e) of a U. S. citizen and subsequent marriage to that citizen.**

      Attach a copy of the fiancé(e) petition approval notice, a copy of your marriage certificate, and your Form 1-94.

   C. **Based on asylum status.**

      Attach a copy of the letter or Form 1-94 that shows the date you were granted asylum.

   D. **Based on continuous residence in the United States since before January 1, 1972.**

      Attach copies of evidence that shows continuous residence since before January 1, 1972.

16. **Based on Cuban citizenship or nationality.**

   Attach evidence of your citizenship or nationality, such as a copy of your passport, birth certificate, or travel document.

17. **Based on derivative status as the spouse or child of another adjustment applicant or person granted permanent residence based on issuance of an immigrant visa.**

   File your application with the application of the other applicant, or with evidence that the application is pending with USCIS or was approved, or with evidence that your spouse or parent was granted permanent residence based on an immigrant visa, and:

If you are applying as the spouse of that person, also attach a copy of your marriage certificate and copies of documents showing the legal termination of all other marriages by you and your spouse;

If you are applying as the child of that person, attach also a copy of your birth certificate and, if the other person is not your parent, submit copies of evidence (such as a marriage certificate and documents showing the legal termination of all other marriages and an adoption decree) to demonstrate that you qualify as his or her child.

**18. Other basis for eligibility.**

Attach copies of documents proving that you are eligible for the classification.

## Where Should You File Form I-485?

**Form I-485 USCIS Lockbox Filing Address for Local Office Filings:**

If you are applying for adjustment of status under one of the eligibility categories listed below, file your Form I-485, Application to Register Permanent Residence or Adjust Status, with the USCIS Lockbox Facility.

1. Spouse, parent, unmarried son/daughter under age 21 of a U.S. citizen with an approved or concurrently filed Form I-130;

2. Beneficiary of an approved Form I-130 filed by a qualifying relative;

3. Qualifying derivative, family-based beneficiary;

4. K-1 Fiancé(e) (and K-2 dependents) whose Form I-485 is based on an approved Form I-129F;

5. Applicants who are beneficiaries of an approved Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, as a battered spouse or child;

6. Widow/widower of a U.S. citizen with an approved or concurrently filed Form I-360;

7. Special Immigrant Military filing Form I-485 based on honorable active duty service in the U.S. Armed Forces with an approved or concurrently filed Form I-360;

8. Special Immigrant juvenile with a pending or concurrently filed Form I-360;

9. Amerasians with an approved or concurrently filed Form I-360;

10. Applicants eligible under the Cuban Adjustment Act of November 2, 1965.

11. Diversity lottery winner eligible to file Form I-485;

12. Public Interest Parolees from certain former Soviet and Southeast Asian countries filing Form I-485 under Public Law 101-167 (the "Lautenberg Amendment");

13. Registry applicant filing Form I-485 based on birth in the United States to a foreign diplomatic officer;

14. Former diplomat filing Form I-485 under Section 13 of the Immigration and Nationality Act;

15. Registry applicant filing Form I-485 based on continuous residence in the U.S. since before January 1, 1972, **or**

16. Applicants who are beneficiaries of Private Bills:

### USCIS Lockbox Addresses:

For U.S. Postal Service (USPS) deliveries:

**USCIS
P.O. Box 805887
Chicago, IL 60680-4120**

For courier/express deliveries:

**USCIS
Attn: FBAS
131 South Dearborn - 3rd Floor
Chicago, IL 60603-5517**

### Form I-485 Service Center Filing Addresses:

1. **Form I-485 is Based on an Underlying Form I-140, Immigrant Petition for Alien Worker:**

   Adjustment-of-status applications filed based on a concurrently filed, pending, or approved Form I-140 must be filed with the Nebraska Service Center or the Texas Service Center, depending on where the applicant lives. If you wish to concurrently file your Form I-485 and Form I-140, an immigrant visa number must be immediately available at the time of filing.

   **NOTE:** To facilitate acceptance and processing of Form I-485 when Form I-140 has already been approved, submit a copy of the I-140 approval notice. If Form I-140 is pending, submit copies of the Form I-140 receipt notice and the page of the DOL labor certification showing the priority date (if labor certification is required) or just a copy of the Form I-140 receipt notice (but only if a labor certification is not required).

If you live in the following states: Alaska, Arizona, California, Colorado, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, North Dakota, Ohio, Oregon, South Dakota, Utah, Washington, Wisconsin, or Wyoming, the mailing address you should use is:

> **USCIS**
> **Nebraska Service Center**
> **P. O. Box 87485**
> **Lincoln, NE 68501-7485**

If you live in the following states: Alabama, Arkansas, Connecticut, Florida, Georgia, Kentucky, Louisianna, Maine, Maryland, Massachusetts, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, South Carolina, Oklahoma, Pennsylvania, Puerto Rico, Rhode Island, Tennessee, Texas, Vermont, Virginia, U.S. Virgin Islands, West Virginia, or Washington, DC, the mailing address you should use is:

> **USCIS**
> **Texas Service Center**
> **P. O. Box 851804**
> **Mesquite, TX 75185-1804**

2. **Form I-485 is Based on an Underlying Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant:**

   A. **Filing Address for International Organization Employee or Family Member:**

   Adjustment-of-status applications filed based on a concurrently filed, pending, or approved Form I-360 for International Organization Employee or eligible family member must be filed with the Nebraska Service Center (see address below).

   B. **Filing Address for Afghan and Iraqi Translators:**

   Adjustment-of-status applications filed based on an approved Form I-360 for Afghan and Iraqi Translators must be filed with the Nebraska Service Center (see address below). You cannot concurrently file Forms I-360 and I-485 for this classification.

   C. **Filing Address for Other I-360 Categories:**

   Other adjustment-of-status applications filed based on an approved Form I-360 for the following classifications **must** be filed with the Nebraska Service Center or the Texas Service Center, depending on where the applicant lives.

**NOTE:** You **cannot** concurrently file forms I-360 and I-485 for the following classifications:

1. **Religious Worker or Minister;**
2. **Panama Canal Company Employment;**
3. **U.S. Government in Canal Zone Employment;**
4. **Special Immigrant Physician; or**
5. **International Broadcasters.**

If you live in the following states: Alaska, Arizona, California, Colorado, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, North Dakota, Ohio, Oregon, South Dakota, Utah, Washington, Wisconsin, or Wyoming, send your application to the Nebraska Service Center:

> **USCIS**
> **Nebraska Service Center**
> **P.O. Box 87485**
> **Lincoln, NE 68501-7485**

If you live in the following states: Alabama, Arkansas, Connecticut, Florida, Georgia, Kentucky, Louisianna, Maine, Maryland, Massachusetts, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, South Carolina, Oklahoma, Pennsylvania, Puerto Rico, Rhode Island, Tennessee, Texas, Vermont, Virginia, U.S. Virgin Islands, West Virginia, or Washington, DC, send your application to the Texas Service Center:

> **USCIS**
> **Texas Service Center**
> **P.O. Box 851804**
> **Mesquite, TX 75185-1804**

3. **Form I-485 is Based on an Underlying Form I-526, Immigrant Petition by Alien Entrepreneur:**

   If you are an immigrant investor with an approved Form I-526, you **must** file Form I-485 with the Texas Service Center, regardless of where the business enterprise is located.

   **NOTE:** You **cannot** concurrently file forms I-526 and I-485.

   > **USCIS**
   > **Texas Service Center**
   > **P.O. Box 851804**
   > **Mesquite, TX 75185-1804**

4. **Filing Address for Asylee Adjustment-of-Status Applicants:**

   All asylee adjustment of status applications must be filed with the Nebraska Service Center or the Texas Service Center, depending on where the applicant lives. If you are

filing Form I-131, Application for Travel Document, to enable you to travel outside the United States while your adjustment-of-status application is pending, you should indicate that you are requesting a refugee travel document. The relating Form I-131 for a Refugee Travel document is filed with the Nebraska Service Center, regardless of the Form I-485 filing location.

If you live in the following states: Alaska, Arizona, California, Colorado, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, North Dakota, Ohio, Oregon, South Dakota, Utah, Washington, Wisconsin-or Wyoming, the mailing address you should use is:

> **USCIS**
> **Nebraska Service Center**
> **P.O. Box 87485**
> **Lincoln, NE 68501-7485**

If you live in the following states: Alabama, Arkansas, Connecticut, Delaware, Florida, Georgia, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, South Carolina, Oklahoma, Pennsylvania, Puerto Rico, Rhode Island, Tennessee, Texas, Vermont, Virginia, U.S. Virgin Islands, West Virginia, or Washington, DC, send your application to the Texas Service Center:

> **USCIS**
> **Texas Service Center**
> **P.O. Box 852211**
> **Mesquite, TX 75185-2211**

**5. Filing Address for Refugee Adjustment of Status Applicants:**

All refugee adjustment of status applications must be filed with the Nebraska Service Center:

> **USCIS**
> **Nebraska Service Center**
> **P.O. Box 87209**
> **Lincoln, NE 68501-7209**

**6. Filing Address for HRIFA Dependents:**

Only the dependents spouse and children of the principal granted legal status under HRIFA are eligible to apply for benefits under HRIFA. The filing period for principal HRIFA applicants has closed. All HRIFA applications for dependents must be filed at the Nebraska Service Center.

> **USCIS**
> **Nebraska Service Center**
> **P.O. Box 87245**
> **Lincoln, NE 68501-7245**

## Questions Regarding Form I-485

For additional information about Form I-485, including how to file your application or filing locations not mentioned, call the USCIS National Customer Service Center at **1-800-375-5283** or visit our website at **www.uscis.gov**.

## What Is the Filing Fee?

The filing fee for a Form I-485 is **$930.**

An additional biometric fee of **$80** is required when filing this Form I-485. After you submit Form I-485, USCIS will notify you about when and where to go for biometric services.

The fee is **$930** only (no biometrics fee required) for applicants under 14 years who submits Form I-485 independent from other family members.

The fee for a child under the age fourteen years will be **$600** when submitted concurrently for adjudication with the application of a parent under sections 201(b)(A)(i), 203(a)(2) (A), and 203(d) of the INA.

You may submit one check or money order for both the application and biometric fees, for a total of **$1010.**

Use the following guidelines when you prepare your check or money order for the Form I-485 and the biometric service fee:

**1.** The check or money order must be drawn on a bank or other financial institution located in the United States and must be payable in U.S. currency; and

**2.** Make the check or money order payable to **U.S. Department of Homeland Security**, unless:

> **A.** If you live in Guam and are filing your petition there, make it payable to **Treasurer of Guam**.

> **B.** If you live in the U.S. Virgin Islands and are filing your petition there, make it payable to **Commissioner of Finance of the Virgin Islands**.

**NOTE:** Effective July 30, 2007, if you file Form I-485 to adjust your status as a permanent resident, no additional fee is required to also file an application for employment authorization on Form I-765 and/or advance parole on Form I-131. You may file these forms concurrently. If you choose to file the I-765 and/or I-131 separately after the effective date, you must also submit a copy of your I-797C, Notice of Action, receipt as evidence of the filing of an I-485.

**NOTE:** Please spell out U.S. Department of Homeland Security; do not use the initials "USDHS" or "DHS."

**Notice to Those Making Payment by Check.** If you send us a check, it will be converted into an electronic funds transfer (EFT). This means we will copy your check and use the account information on it to electronically debit your account for the amount of the check. The debit from your account will usually take 24 hours and will be shown on your regular account statement.

You will not receive your original check back. We will destroy your original check, but we will keep a copy of it. If the EFT cannot be processed for technical reasons, you authorize us to process the copy in place of your original check. If the EFT cannot be completed because of insufficient funds, we may try to make the transfer up to two times.

**How to Check If the Fees Are Correct**

The form and biometric fees on this form are current as of the edition date appearing in the lower right corner of this page. However, because USCIS fees change periodically, you can verify if the fees are correct by following one of the steps below:

1. Visit our website at **www.uscis.gov**, select "Immigration Forms," and check the appropriate fee;

2. Review the Fee Schedule included in your form package, if you called us to request the form or

3. Telephone our National Customer Service Center at **1-800-375-5283** and ask for the fee information.

**NOTE**: If your Form I-485 requires payment of a biometric service fee for USCIS to take your fingerprints, photograph, or signature, you can use the same procedure to obtain the correct biometric fee.

## Address Changes

If you change your address and you have an application or petition pending with USCIS, you may change your address on line at www.uscis.gov, click on "Change your address with USCIS," and follow the prompts or by completing and mailing Form AR-11, Alien's Change of Address Card, to:

> **U.S. Citizenship and Immigration Services**
> **Change of Address**
> **P.O. Box 7134**
> **London, KY 40742-7134**

For commercial overnight or fast freight services only, mail to:

> **U.S. Citizenship and Immigration Services**
> **Change of Address**
> **1084-I South Laurel Road**
> **London, KY 40744**

## Processing Information

Any application that is not signed or is not accompanied by the correct application fee will be rejected with a notice that the application is deficient. You may correct the deficiency and resubmit the application. An application is not considered properly filed until accepted by USCIS.

### Initial processing.

Once an application has been accepted, it will be checked for completeness, including submission of the required initial evidence. If you do not completely fill out the form or file it without required initial evidence, you will not establish a basis for eligibility, and we may deny your application.

### Requests for more information or interview.

We may request more information or evidence, or we may request that you appear at a USCIS office for an interview. We may also request that you submit the originals of any copy. We will return these originals when they are no longer required.

### Interview.

After you file your application, you may be notified to appear at a USCIS office to answer questions about the application. You will be required to answer these questions under oath or affirmation. You must bring your Arrival-Departure Record (Form I-94) and any passport or official travel document you have to the interview.

### Decision.

You will be notified in writing of the decision on your application.

### Selective Service Registration.

If you are a male at least 18 years old, but not yet 26 years old, and required according to the Military Selective Service Act to register with the Selective Service System, USCIS will help you register.

When your signed application is filed and accepted by USCIS, we will transmit to the Selective Service System your name, current address, Social Security number, date of birth, and the date you filed the application. This action will enable the Selective Service System to record your registration as of the filing date of your application.

If USCIS does not accept your application and, if still required, you are responsible to register with the Selective Service System by using other means, provided you are under 26 years of age. If you have already registered, the Selective Service System will check its records to avoid any duplication.

(NOTE:  Men 18 through 25 years old who are applying for student financial aid, government employment, or job training benefits should register directly with the Selective Service System or such benefits may be denied.  Men can register at a local post office or on the internet at http://www.sss.gov).

*Travel outside the United States for adjustment-of-status applicants under sections 209 and 245 of the Act, and Registry applicants under section 249 of the Act.*

Your departure from the United States (including brief visits to Canada or Mexico) constitutes an abandonment of your adjustment-of-status application, unless you are granted permission to depart and you are inspected upon your return to the United States.  Such permission to travel is called "advance parole."  To request advance parole, you must file Form I-131, Application for Travel Document, with the appropriate fee at the USCIS office where you applied for adjustment of status.

1.  **Exceptions.**

    A.  **H, L, V, or K3/K4 nonimmigrants:**

        If you are an H, L,V, or K3/K4 nonimmigrant who continues to maintain his or her status, you may travel on a valid H, L, V or K3/K4 visa without obtaining advance parole.

    B.  **Refugees and Asylees:**

        If you are applying for adjustment of status one year after you were admitted as a refugee or one year after you were granted asylum, you may travel outside the United States on your valid refugee travel document, if you have one, without the need to obtain advance parole.

2.  **Warning:**

    Travel outside of the United States may trigger the three and ten year bar to admission under section 212(a)(9)(B)(i) of the Act for adjustment applicants, but not registry applicants. This ground of inadmissibility is triggered if you were unlawfully present in the United States (i.e., you remained in the United States beyond the period of authorized stay) for more than 180 days before you applied for adjustment of status and you travel outside the United States while your adjustment of status application is pending.

    **NOTE:**  Only unlawful presence that was accrued on or after April 1, 1997, counts towards the three and ten year bar under section 212(a)(9)(B)(i) of the Act.)

If you become inadmissible under section 212(a)(9)(B)(i) of the Act while your adjustment-of-status application is pending, you will need a waiver of inadmissibility under section 212(a)(9)(B)(v) of the Act before your adjustment-of-status application can be approved.  This waiver, however, is granted on a case-by-case basis and in the exercise of discretion.  It requires a showing of extreme hardship to your U.S. citizen or lawful permanent resident spouse or parent, unless you are a refugee or asylee.  For refugees and asylees, the waiver may be granted for humanitarian reasons to assure family unity or if it is otherwise in the public interest.

## Penalties

If you knowingly and willfully falsify or conceal a material fact or submit a false document with this Form I-485, we will deny the Form I-485 and may deny any other immigration benefit.

In addition, you will face severe penalties provided by law and may be subject to criminal prosecution.

## Privacy Act Notice

We ask for the information on this form, and associated evidence, to determine if you have established eligibility for the immigration benefit for which you are filing. Our legal right to ask for this information can be found in the Immigration and Nationality Act, as amended. We may provide this information to other government agencies. Failure to provide this information, and any requested evidence, may delay a final decision or result  in denial of your Form I-485.

## Paperwork Reduction Act

An agency may not conduct or sponsor an information collection and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. The public reporting burden for this collection of information is estimated at 5 hours and 15 minutes per response, including the time for reviewing instructions, and completing and submitting the form.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to: U.S. Citizenship and Immigration Services, Regulatory Management Division, 111 Massachusetts Avenue, N.W., 3rd Floor, Suite 3008, Washington, DC 20529. OMB No. 1615-0023. **Do not mail your application to this address.**

OMB No. 1615-0023; Expires 09/30/08

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# I-485, Application to Register
# Permanent Residence or Adjust Status

| | For USCIS Use Only |
|---|---|

## START HERE - Please type or print in black ink.

## Part 1.   Information about you.

| | | |
|---|---|---|
| Family Name | Given Name | Middle Name |

Address- C/O

| Street Number and Name | Apt. # |
|---|---|

City

| State | Zip Code |
|---|---|

| Date of Birth *(mm/dd/yyyy)* | Country of Birth: |
|---|---|
| | Country of Citizenship/Nationality: |

| U.S. Social Security # | A # *(if any)* |
|---|---|

| Date of Last Arrival *(mm/dd/yyyy)* | I-94 # |
|---|---|

| Current USCIS Status | Expires on *(mm/dd/yyyy)* |
|---|---|

**For USCIS Use Only**

Returned

Receipt

Resubmitted

Reloc Sent

Reloc Rec'd

Applicant Interviewed

## Part 2.   Application Type.  *(Check one.)*

**I am applying for an adjustment to permanent resident status because:**

**a.** ☐ An immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

**b.** ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

**c.** ☐ I entered as a K-1 fiancé(e) of a U.S. citizen whom I married within 90 days of entry,  or I am the K-2 child of such a fiancé(e).  (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate).

**d.** ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

**e.** ☐ I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

**f.** ☐ I am the husband, wife, or minor unmarried child of a Cuban described above in (**e**), and I am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

**g.** ☐ I have continuously resided in the United States since before January 1, 1972.

**h.** ☐ Other basis of eligibility. Explain (for example, I was admitted as a refugee, my status has not been terminated, and I have been physically present in the United States for one year after admission). If additional space is needed, use a separate piece of paper.

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:** *(Check one.)*

**i.** ☐ I am a native or citizen of Cuba and meet the description in (**e**) above.

**j.** ☐ I am the husband, wife, or minor unmarried child of a Cuban and meet the description in (**f**) above.

**Section of Law**

☐ Sec. 209(b), INA
☐ Sec. 13, Act of 9/11/57
☐ Sec. 245, INA
☐ Sec. 249, INA
☐ Sec. 1 Act of 11/2/66
☐ Sec. 2 Act of 11/2/66
☐ Other

**Country Chargeable**

**Eligibility Under Sec. 245**

☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other

**Preference**

**Action Block**

**To be Completed by**
***Attorney or Representative,* if any**
☐ Fill in box if G-28 is attached to represent the applicant.

VOLAG #

ATTY State License #

Form I-485 (Rev. 05/27/08) Y

## Part 3.   Processing Information.

| **A.** City/Town/Village of Birth | Current Occupation |
|---|---|
| Your Mother's First Name | Your Father's First Name |

Give your name exactly as it appears on your Arrival/Departure Record (Form I-94)

| Place of Last Entry Into the United States *(City/State)* | In what status did you last enter? *(Visitor, student, exchange alien, crewman, temporary worker, without inspection, etc.)* |
|---|---|
| Were you inspected by a U.S. Immigration Officer? ☐ Yes ☐ No | |
| Nonimmigrant Visa Number | Consulate Where Visa Was Issued |
| Date Visa Was Issued (mm/dd/yyyy)  Gender: ☐ Male ☐ Female | Marital Status: ☐ Married ☐ Single ☐ Divorced ☐ Widowed |
| Have you ever before applied for permanent resident status in the U.S.? | ☐ No  ☐ Yes. If you checked "Yes," give date and place of filing and final disposition. |

**B.** List your present husband/wife, all of your sons and daughters (If you have none, write "none." If additional space is needed, use separate paper).

| Family Name | Given Name | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |

**C.** List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none." Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

## Part 3.  Processing Information.  *(Continued)*

Please answer the following questions.  (If your answer is **"Yes"** on any one of these questions, explain on a separate piece of paper and refer to "What Are the General Filing Instructions? Initial Evidence" to determine what documentation  to include with your application. Answering **"Yes"** does not necessarily mean that you are not entitled to adjust status or register for permanent residence.)

1.  Have you ever, in or outside the United States:

   **a.**  Knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested?  ☐ Yes  ☐ No

   **b.**  Been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations?  ☐ Yes  ☐ No

   **c.**  Been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency, or similar action?  ☐ Yes  ☐ No

   **d.**  Exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States?  ☐ Yes  ☐ No

2.  Have you received public assistance in the United States from any source, including the U.S.Government or any State, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future?  ☐ Yes  ☐ No

3.  Have you ever:

   **a.**  Within the past ten years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future?  ☐ Yes  ☐ No

   **b.**  Engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling?  ☐ Yes  ☐ No

   **c.**  Knowingly encouraged, induced, assisted, abetted, or aided any alien to try to enter the United States illegally?  ☐ Yes  ☐ No

   **d.**  Illicitly trafficked in any controlled substance, or knowingly assisted, abetted, or colluded in the illicit trafficking of any controlled substance?  ☐ Yes  ☐ No

4.  Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking, or any other form of  terrorist activity?  ☐ Yes  ☐ No

5.  Do you intend to engage in the United States in:

   **a.**  Espionage?  ☐ Yes  ☐ No

   **b.**  Any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence, or other unlawful means?  ☐ Yes  ☐ No

   **c.**  Any activity to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information?  ☐ Yes  ☐ No

6.  Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party?  ☐ Yes  ☐ No

7.  Did you, during the period from March 23, 1933, to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist, or otherwise participate in the persecution of any person because of race, religion, national origin, or political opinion?  ☐ Yes  ☐ No

8.  Have you ever engaged in genocide, or otherwise ordered, incited, assisted, or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion?  ☐ Yes  ☐ No

9.  Have you ever been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal, or recission proceedings?  ☐ Yes  ☐ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States or any immigration benefit?  ☐ Yes  ☐ No

11. Have you ever left the United States to avoid being drafted into the U.S. Armed Forces?  ☐ Yes  ☐ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver?  ☐ Yes  ☐ No

13. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child?  ☐ Yes  ☐ No

14. Do you plan to practice polygamy in the United States?  ☐ Yes  ☐ No

**Part 4. Signature.** *(Read the information on penalties in the instructions before completing this section. You must file this application while in the United States.)*

### Your registration with U.S. Citizenship and Immigration Services.

"I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (Act), as an alien who has been or will be in the United States for more than 30 days, I am required to register with U.S. Citizenship and Immigration Services. I understand and acknowledge that, under section 265 of the Act, I am required to provide USCIS with my current address and written notice of any change of address within **ten** days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested, and removed from the United States."

### Selective Service Registration.

**The following applies to you if you are a male at least 18 years old, but not yet 26 years old, who is required to register with the Selective Service System:** "I understand that my filing this adjustment-of-status application with U.S. Citizenship and Immigration Services authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth, and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26."

### Applicant's Certification

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| *Signature* | *Print Your Name* | *Date* | *Daytime Phone Number* |
|---|---|---|---|
| | | | ( ) |

**NOTE**: *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

## Part 5. Signature of person preparing form, if other than above. (sign below)

**I declare that I prepared this application at the request of the above person, and it is based on all information of which I have knowledge.**

| *Signature* | *Print Your Full Name* | *Date* | **Phone Number** *(Include Area Code)* |
|---|---|---|---|
| | | | ( ) |
| *Firm Name and Address* | | *E-Mail Address (if any)* | |